**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EARL D. COOPER, JR.,

    Plaintiff-Appellant,

v.

JAMES SAFFLE, Director;
REGINALD HINES, Warden; J.
SANDEFIRD, Assistant Warden;
STEPHEN BURNETT, Captain; SGT.
CURL; CORPORAL MAYHUE; SGT.
WYATT; SGT. COTHERN; LPN.
McDANIEL; DEBBIE MAHAFFEY,
Warden; CHARLIE ARNORLD,
Major; CAPTAIN MOORE; C.
WAIDON, Case Manager; GARY
GIBSON, Warden; J. MIKE PRUITT;
TEEL, U.C.M.; SHERRY ALLEN;
THE STATE OF OKLAHOMA;
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

    Defendants-Appellees.

No. 01-7107
(Eastern District of Oklahoma)
(D.C. No. 00-CV-705-S)

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

_____

After examining the parties' briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Earl D. Cooper, Jr., an Oklahoma state prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 wherein he alleged numerous violations of his federal civil rights by Defendants. Defendants filed a Motion to Dismiss/Motion for Summary Judgment on June 5, 2001. Cooper did not file a response to Defendants' motion as required by the local civil rules for the Eastern District of Oklahoma. *See* E.D. Okla. Local Civ. R. 7.1(B). Local Rule 7.1(B) requires a party to respond to a motion within fifteen days and provides that the failure to respond "constitute[s] a confession of the matters raised by the" motion. *Id*. The district court dismissed Cooper's complaint with prejudice for failure to follow Local Rule 7.1(B). Cooper brought this appeal.[1]

_____

[1]The district court also denied Cooper's request to file an amended complaint because he failed to comply with Local Rule 15.1 which requires leave of court before incorporating any prior pleading by reference in an amended complaint. In its minute order, the court directed Cooper to either comply with the local rule; raise any additional claims in a new § 1983 complaint; or if appropriate, file a petition for a writ of habeas corpus. Cooper's appellate brief contains no argument challenging the court's ruling and the issue is, therefore, deemed waived. *See Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed

This court reviews the dismissal of a complaint under Local Civil Rule 7.1(B) for an abuse of discretion. *See Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998); *see also* E.D. Okla. Local Civ. R. 1.1(F) ("A Judge may waive any requirement of these Rules when the administration of justice requires waiver."). "[A] dismissal for violation of [a] local rule [is] a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988). Accordingly, this court requires district courts to analyze three factors before dismissing a complaint for failure to comply with local court rules. *See Murray*, 132 F.3d at 611.[2] The court must consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant." *Hancock*, 857 F.2d at 1396. The complaint should be dismissed with prejudice "only when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits." *Id*.

Here, the district court dismissed Cooper's complaint in a minute order dated July 3, 2001 that reads as follows, "Minute Order: granting defendants'

abandoned or waived.").

[2]While Defendants direct this court to *Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998) to support their position that the district court's dismissal of Cooper's complaint is reviewed for an abuse of discretion, their appellate brief contains no discussion of the three factors analyzed in detail in *Murray*.

motion to dismiss or for summary judgment and closing case for plaintiff's failure to respond pursuant to Local Rule 7.1(B)."  In a written order dated September 6, 2001,[3] the court briefly engaged in the analysis set out in *Hancock* and *Murray*. The court's analysis, however, was flawed.  In particular, the court concluded that *the dismissal* of Cooper's complaint did not prejudice the defendants, but the proper inquiry is whether Cooper's *failure to comply with the local rule* prejudiced Defendants.  Further, the district court also concluded that the dismissal did not interfere with the judicial process.  The court must, instead, determine whether Cooper's failure to respond to the motion interfered with the judicial process.  Finally, the district court did not state how the three factors outweighed the "strong predisposition to resolve cases on their merits."  *Id*.

We conclude that the district court's analysis was both flawed and insufficient.  Consequently, the court abused its discretion when it dismissed Cooper's complaint.  This court has conducted an independent analysis of the three factors and cannot discern how either Defendants or the judicial process were prejudiced by Cooper's failure to comply with Local Rule 7.1(B) and file a response to Defendant's motion.  Any prejudice to the court in not having the

---

[3]This order disposed of a Motion to Amend Civil Rights Suit filed by Cooper less than ten days after the district court dismissed his complaint.  The court apparently treated Cooper's motion as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

benefit of Cooper's *pro se* response before ruling on Defendants' motion cannot be said to constitute an "'intolerable burden on [the] district court' that would justify dismissal." *Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir. 1988). Even assuming that Cooper was completely culpable for his failure to comply with Local Rule 7.1(B), the applicable factors clearly do not outweigh the strong predisposition to resolve this case on its merits. *See Hancock*, 857 F.2d at 1396; *see also Meade*, 841 F.2d at 1521 ("[D]ismissal is usually appropriate only where a lesser sanction would not serve the interest of justice." (quotation omitted)).

This court **reverses** the order dismissing Cooper's complaint and **remands** this matter to the district court for further proceedings not inconsistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge