**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARIAH V. REED,

      Plaintiff-Counter-Defendant -
Appellant,

v.

NELLCOR PURITAN BENNETT,

      Defendant-Counter-Claimant -
Appellee.

No. 01-3116

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 98-CV-2313-CM)**

---

Richard Helfand of Panethiere & Helfand, LLC, Kansas City, Missouri, for Plaintiff-Appellant.

Mary C. O'Connell (Thomas N. Sterchi with her on the brief), of Baker Sterchi Cowden & Rice, LLC, Kansas City, Missouri, for Defendant-Appellee.

---

Before **MURPHY**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

Plaintiff Mariah V. Reed appeals a district court order granting Defendant Nellcor Puritan Bennett's summary judgment motion. See Fed. R. Civ. P. 56. After Reed failed to file a timely response to Nellcor's motion, the district court granted the motion as uncontested pursuant to District of Kansas Local Rules. District of Kansas Local Rules provide that a party must file a response to a summary judgment motion within twenty days or the motion will be deemed unopposed. Unopposed motions are "considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. R. 7.4. Reed asserts the district court erred in entering summary judgment pursuant to local rules without making the determinations required by Fed. R. Civ. P. 56(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand with instructions.

I.

Reed instituted the current action after Nellcor terminated her employment following her application and receipt of benefits under the Kansas Workers' Compensation Act. After the termination, Nellcor posted and filled a position with identical duties. Reed filed her complaint on July 9, 1998, asserting employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101. Reed's current counsel and his former associate are the attorneys of record in the complaint. The district court granted the former associate's motion to withdraw as counsel on May 23, 2000. At that time, Reed's current counsel requested a 180-day

extension of discovery deadlines to familiarize himself with the case. On June 8, the court ordered a 120-day extension and adjusted the scheduling order accordingly. After the extension, final exhibit and witness lists were due September 1, 2000. On September 1, Nellcor filed its exhibit and witness lists. Reed's counsel filed a second motion requesting a 180-day extension, asserting he needed additional time due to an accident, a death in his family, and his new status as a sole practitioner. On September 8, 2000, the court ordered a 30-day extension through October 8, 2000. Counsel failed to file exhibit and witness lists by October 8. Between June 8 and October 8, Reed's counsel also did not file a single substantive motion and did not contact opposing counsel to discuss discovery or any other aspect of the case.

Nellcor filed its summary judgment motion on December 1, 2000. Reed's response was due December 26. Reed's counsel failed to file a response. District of Kansas Local Rules provide that a party's failure to file a timely response constitutes a waiver of the right to file a response, except upon a showing of excusable neglect. See D. Kan. R. 7.4. On December 29, counsel filed an untimely motion for an extension of time to respond. The court denied counsel's motion and ordered him to show excusable neglect. Counsel responded that he mistakenly believed he had thirty days to file a response to a summary judgment motion, asserted that the requested extension would not interfere with the pre-trial schedule, and asserted that the requested extension would not prejudice Nellcor. Counsel also filed a motion to stay proceedings 90 days due to family

and medical problems, his solo status, and asserted difficulty in hiring an associate or associating counsel for the case. The court denied counsel's motion for stay but granted an extension of time to file a summary judgment response. After the extension, Reed's response was due March 12, 2001.

The Pre-Trial Order ordered the parties to make Rule 26(a)(3) disclosures and exchange exhibits by March 6, 2001. Nellcor filed its disclosures on March 6. Reed's counsel did not file disclosures or exhibits. Counsel also did not file a response to Nellcor's summary judgment motion by March 12. Nine days later, on March 21, 2001, counsel filed a motion seeking yet another continuance and reconsideration of the prior motion for stay. On March 23, the district court granted Nellcor's summary judgment motion as uncontested pursuant to Local Rule 7.4, denying by implication counsel's untimely motion for a continuance and stay. On March 27, the court entered judgment against Reed and ordered her to pay costs. Reed appeals.

II.

Reed asserts the district court erred in granting summary judgment pursuant to a local rule.[1] Local rules in several districts in this circuit deem an uncontested motion

---

[1] Reed also asserts the district court erred in refusing to grant her counsel's motion to stay or her counsel's untimely motion to continue the case. We review for an abuse of discretion the district court's denial of a motion to stay proceedings. Ben Ezra, Weinstein, and Co., Inc. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000). We also review for an abuse of discretion the district court's denial of a motion for continuance. Phillips v. Ferguson, 182 F.3d 769, 775 (10th Cir. 1999). The district court granted several
(continued...)

confessed, making no exception for summary judgment motions.  See, e.g., D. Kan. R.

7.4; D.N.M.L.R.-Civ 7.5(b); E.D. Okl. R. 7.1(B), W.D. Okl. LCvR. 7.2(e); DUCivR 7-

1(d); U.S.D.C.L.R. 7.1(b)(2).  We generally treat a district court's application of local

rules to grant an uncontested summary judgment motion as a sanction, requiring

application of the sanction analysis specified in Meade v. Grubbs, 841 F.2d 1512 (10th

Cir. 1988).  In this case, the district court did not perform the sanction analysis, granting

Defendant's motion solely based on Reed's failure to file a timely response.  Accordingly,

the determinative issue on appeal is whether a district court can grant summary judgment

pursuant to local rules without making the determinations required by Fed. R. Civ. P.

56(c).  We hold that it cannot.

A.

District courts are authorized to prescribe local procedural rules provided the rules

are consistent with the Acts of Congress and the Federal Rules of Procedure.  See 28

U.S.C. § 2071; Fed. R. Civ. P. 83.  District of Kansas Local Rule 7.4 provides:

> The failure to file a brief or response within the time specified within Rule
> 6.1(e) shall constitute waiver of the right thereafter to file such brief or
> response, except upon a showing of excusable neglect. . . .  If a respondent

---

[1](...continued)
extensions to accommodate Reed's counsel.  Despite the extensions, counsel failed to file
exhibit or witness lists, failed to comply with the Pre-Trial Order, filed no substantive
motions, and never contacted opposing counsel concerning any aspect of the case.
Counsel was not diligent in moving the case to trial.  Accordingly, the court did not abuse
its discretion when it denied the motion to stay, or when it denied by implication the
motion to continue the case and to reconsider the motion to stay.

fails to file a response within the time required by Rule 6.1(e), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

Local Rule 6.1(e) provides: "A party shall have 20 days to respond to a motion to dismiss or for summary judgment." Reed's counsel failed to file a response within twenty days, and failed to file a response within the time granted as an extension after the court found excusable neglect. As a result, the court was free to consider and decide the summary judgment motion as an uncontested motion pursuant to its local rule. By failing to file a response within the time specified, Reed waived the right to file a response or to controvert the facts asserted in the summary judgment motion.

But district courts must construe and apply local rules in a manner consistent with Fed. R. Civ. P. 56. <u>See</u> Fed. R. Civ. P. 83. Under Rule 56(c), the moving party:

> <u>always</u> bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (quoting Fed.R.Civ.P. 56(c)) (emphasis added). Summary judgment is not proper merely because Reed failed to file a response. Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its "initial responsibility" of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. <u>Id</u>.

Fed. R.Civ. P. 56(e) specifically contemplates the consequences of failing to

oppose a summary judgment motion:

> When a motion for summary judgment is made <u>and supported</u> as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, <u>if appropriate</u>, shall be entered against the adverse party.

(emphasis added). As explained by the Supreme Court in <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 160-61 (1970), the burden on the nonmovant to respond arises only if the summary judgment motion is properly "supported" as required by Rule 56(c). Accordingly, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied <u>even if no opposing evidentiary matter is presented</u>." <u>Id</u>. at 160 (quoting Fed. R. Civ. P. 56 advisory committee notes to the 1963 amendments) (emphasis added). If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required." <u>Id</u>. at 161.

To summarize, a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is

"appropriate" under Rule 56.  Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion.  The court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.  See Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001); Anchorage Assoc. v. Virgin Islands Board of Tax Review, 922 F.2d 168, 175-76 (3d Cir. 1990); Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1022 (11th Cir. 1988).

B.

Nellcor asserts the district court properly entered summary judgment as a sanction pursuant to Local Rule 7.4.  Local Rule 7.4 does not in itself authorize the court to grant a motion as a sanction against a non-responding party.  The purpose of Rule 7.4 is not to impose or authorize a sanction for a party's failure to prosecute or defend.  The rule's purpose is to facilitate the trial court's disposition of motions.  The rule applies to all motions, under all circumstances, including motions filed in diligently litigated cases.  It authorizes the court to grant applications solely based on the information the moving party puts before the court unless some response indicates that a genuine controversy exists concerning the right to the relief sought.  See Anchorage Associates, 922 F.2d at

-8-

176 n.7 (applying a similar analysis).

A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party. Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir. 1988). But dismissal or other final disposition of a party's claim "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." Id. (citing Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988)). In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Id. (citing Meade). "Only when these aggravating factors outweigh[] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." Id.

Both parties encourage this Court to perform independently the Meade sanction analysis. We decline to do so. This Court generally requires the district court to perform an explicit analysis of the Meade factors prior to dismissal. See Murray v. Archambo, 132 F.3d 609, 610 (10th Cir. 1998) (noting the district court did not consider the Meade factors in dismissing the case).[2] Where the district court did not perform a sanction

_____

[2] See also Tabb v. Dunkle, 33 Fed.Appx. 973, 975 (10th Cir. 2002) (citing Murray for the proposition that this Court requires "the district court to set forth an analysis of
(continued...)

-9-

analysis, this Court has applied the Meade factors to reverse the district court's sanction as overly severe. See, e.g., Hancock, 857 F.2d at 1396; Meade, 841 F.2d at 1520. This Court has never independently employed the Meade analysis to uphold a district court sanction. The Meade analysis is highly fact specific. The district court is in a far better position than this Court to judge the culpability of the litigant, the degree of prejudice to the opposing party, and the interference with the court's docket and the judicial process caused by counsel's failure to file a timely response.

## C.

By failing to file a response within the time specified by the local rule, Reed waived the right to file a response or to controvert the facts asserted in the summary judgment motion. But Reed's waiver did not relieve the court of its duty to make the specific determinations required by Fed. R. Civ. P. 56(c). A district court properly grants summary judgment pursuant to Rule 56 only if the motion demonstrates no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Alternatively, the court can enter judgment as a sanction if warranted. While the facts of this case likely support sanctions against the offending attorney, the district court did not expressly consider the Meade factors prior to granting summary judgment.

---

[2](...continued)
these three factors before dismissing a petition for failure to comply with a local rule."); Cooper v. Saffle, 30 Fed.Appx. 865, 867 (10th Cir. 2002) (district court abused its discretion when it did not analyze Meade factors).

-10-

We reverse and remand to the district court with directions to vacate its March 23, 2001 order granting Nellcor's summary judgment motion and to vacate its March 27, 2001 order entering judgment against Reed. We further instruct the court either to consider Nellcor's uncontested motion to determine if Nellcor met its initial burden of production under Fed. R. Civ. P. 56(c), or to set forth an analysis of the <u>Meade</u> factors supporting the court's entry of judgment as a sanction. The court need not permit Reed to file a response as, pursuant to local rules, Reed waived that right.

REVERSED AND REMANDED WITH INSTRUCTIONS.