**Heather BEAVEN, Plaintiff,**

**v.**

**State of KANSAS, Defendant.**

**No. CIV.A.02-2535-CM.**

United States District Court,
D. Kansas.

Sept. 23, 2003.

Jeffery A. Sutton, Jamison & Associates LLC, Mission, KS, for Plaintiff.

Anthony J. Kotich, Kansas Department of Human Resources, Topeka, KS, Glenn H. Griffeth, Kansas Department of Human Resources, Overland Park, KS, for Defendant.

## *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

Plaintiff brought an employment discrimination claim against her former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff asserts claims of sexual harassment, retaliation, and constructive discharge. Pending before the court is defendant's Motion to Dismiss plaintiff's action pursuant to Fed.R.Civ.P. 12 (Doc. 5).[1]

### I. Standard

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher,* 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Defendant's motion addresses three dispositive issues of law.[2]

1. The district court's electronic filing system lists two motions for dismissal by defendant, Document 5 and Document 7. Both motions are identical, however, and so the court's order equally addresses both documents.

2. The court is compelled to address plaintiff's behavior. Plaintiff has missed nearly every deadline to properly file pleadings before the court. Most significantly, after the court granted plaintiff an extension to amend plaintiff's Response to Motion to Dismiss to correct formatting errors, plaintiff did not bother to file an amended response. The court is therefore left to consider plaintiff's original response, which is difficult to comprehend. Plaintiff's response to defendant's first argument is rife with simple spelling and grammatical errors and part of the text looks copied from a judicial opinion. Moreover, plaintiff did not bother to respond to defendant's second and third arguments. Nevertheless, in the interest of justice, the court will consider the merits of each of defendant's arguments for dismissal rather than granting the motion summarily. *See Reed v. Bennett,* 312 F.3d 1190, 1194–95 (10th Cir. 2002). The court admonishes plaintiff for this behavior, and cautions plaintiff's attor-

## II. Analysis

### A. Defendant's Argument that the Eleventh Amendment Bars Plaintiff's Retaliation Claim

█ Defendant first argues that the court should dismiss plaintiff's retaliation claim because the Eleventh Amendment bars the claim. Defendant previously argued in *Nelson v. Kansas,* 220 F.Supp.2d 1216 (D.Kan.2002), that the Eleventh Amendment shielded a state from an employee's gender discrimination claim brought under Title VII. In *Nelson,* however, Judge Marten held that Congress had validly abrogated the states' Eleventh Amendment immunity with respect to Title VII. Now defendant argues to this court that Congress did not properly exercise its power under the Fourteenth Amendment to abrogate the states' Eleventh Amendment immunity with regard to the specific retaliation provision of Title VII, 42 U.S.C. § 2000e–3(a). Judge Marten, however, discussed this precise issue as well in *Nelson,* and the court finds his decision persuasive.[3] Defendant's motion to dismiss plaintiff's claim for retaliation as barred by the Eleventh Amendment is denied.

### B. Defendant's Argument that Plaintiff Was Not an Employee Protected by Title VII

█ Second, defendant argues that the court should dismiss plaintiff's claims because plaintiff was not an employee within the coverage of Title VII. Plaintiff failed to respond to this argument so the court will independently consider the merits of defendant's claim. Defendant argues that plaintiff was an appointee on the policy-making level and, therefore, not an employee as defined by Title VII. *See* 42 U.S.C. § 2000e(f). To fit into this policy-making exception, the plaintiff must (1) be appointed by an elected official, (2) make policy, and (3) not be subject to civil service laws. *Id.*

Here, plaintiff's position was statutorily defined as "unclassified" and therefore not subject to civil service laws. *See* KSA § 75–2935. Additionally, it appears that plaintiff's responsibilities included setting policy within her division in the Kansas Department of Human Resources (KDHR). Defendant asserts that the last prong of the policy-making exception is met in that an elected official appointed plaintiff because her hiring required the consent of the governor. This is the precise argument that the KDHR offered in *Crumpacker v. Kansas Department of Human Resources,* 205 F.Supp.2d 1209, 1211–12 (D.Kan.2002), which the court rejected: "The mere fact that the governor had to consent to her appointment does not compel the conclusion that she was an appointee of an elected official."[4] *Id.* at 1213. The court concludes that plaintiff was an

ney that, in the future, he should conduct himself in a manner more becoming an officer of the court.

3. The court reminds defendant's attorneys that this court has adopted the *Kansas Rules of Professional Conduct.* D. Kan. Rule 83.6.1(a). Rule 3.3 of the *Kansas Rules* requires that attorneys exhibit candor toward the court at all times. Specifically, "[a] lawyer shall not knowingly ... fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing council." KRPC 3.3. The court is concerned as to why defendant failed to bring *Nelson* to the court's attention, particularly since the defendant, the State of Kansas, is also the defendant here.

4. Again, the court warns defendant's attorneys of their responsibility of candor to the court. Defendants failure to cite *Crumpacker* is particularly troubling since the defendant from that case, the KDHR, is the exact agency involved here.

employee within the meaning of Title VII. Defendant's motion on this issue is denied.

**C. Defendant's Argument that Plaintiff Has Failed to State a Claim For Sexual Harassment and Constructive Discharge**

Finally, defendant moves this court to dismiss plaintiff's complaint for failure to state a claim for sexual harassment and constructive discharge. Plaintiff also did not respond to this argument so the court will look to plaintiff's complaint to determine whether she has stated a prima facie case. Plaintiff asserts that, throughout her employment, supervisors subjected her to sexual comments, innuendoes, and offensive remarks about her body, clothes, and age. Plaintiff argues that, as a result of this harassment, she felt forced to resign or was constructively discharged. Accepting as true all well-pleaded facts, and viewing these facts in a light most favorable to the plaintiff, the court finds that plaintiff has set forth sufficient allegations to survive a motion to dismiss. Defendant's motion on this issue is denied.

### *ORDER*

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss plaintiff's action pursuant to Fed.R.Civ.P. 12 (Doc. 5) is denied.