FILED
United States Court of Appeals
Tenth Circuit

November 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KWAME OTOYUMABOYA HILL,

     Plaintiff - Appellant,

v.

CORIZON HEALTH, INC.; KANSAS
DEPARTMENT OF CORRECTIONS;
C. GORDON HARROD, Medical Doctor
and Physician for Corizon Health Services,
Inc., in his individual and official capacity;
DEANNA MORRIS, Licensed Practical
Nurse for Corizon Health Services, Inc., in
her individual and official capacity;
T. NICKELSON, Assistant Physician
Registered Nurse for Corizon Health
Services, Inc., in his individual and official
capacity; JARRED WATSON, Unit Team
Manager of BCH Administrative
Segregation, El Dorado Correctional
Facility, in his individual and official
capacity; MARY EINERSON, RN Director
of Nursing for Corizon Health Services,
Inc., in her individual and official capacity,

     Defendants - Appellees.

No. 17-3087
(D.C. No. 5:16-CV-03062-EFM-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

———————————————————

Kwame Otoyumaboya Hill, proceeding pro se, appeals from the district court's dismissal of his federal claims against several defendants on the ground of res judicata because of a state-court judgment against him on claims arising out of the same course of conduct. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In March 2016, Mr. Hill filed a complaint in federal court against Corizon Health, Inc.; the Kansas Department of Corrections (KDOC); C.G. Harrod; Deanna Morris; H.C.P. Nickelson; James Heimgartner, Warden of the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas; Jarred Watson; and Mary Einerson. He brought his claims under 42 U.S.C. § 1983, asserting that the defendants violated his constitutional rights under the Eighth and Fourteenth Amendments while treating him with Coumadin from August 2013 through mid-March 2014 during his incarceration at EDCF.

On initial screening of Mr. Hill's complaint, the district court sua sponte dismissed Warden Heimgartner after concluding that Mr. Hill's complaint failed to state a claim for relief against him. Mr. Hill has not challenged that dismissal on appeal.

Corizon, Nickelson, Morris, and Einerson filed a joint motion to dismiss Mr. Hill's claims against them as barred by res judicata. The district court sua sponte converted the motion into a motion for summary judgment. KDOC and Watson (who

2

worked at EDCF) subsequently filed a joint motion to dismiss and then Harrod also filed his own motion to dismiss. In the motions to dismiss, these defendants argued, among other things, that Mr. Hill's claims against them were barred by res judicata.

The defendants sought dismissal based on res judicata because Mr. Hill had filed an earlier lawsuit in state court in Butler County, Kansas. In that action, Mr. Hill asserted claims for medical malpractice and gross negligence arising from his medical care at EDCF—in particular, his treatment with Coumadin—from July 2013 into March 2014. Mr. Hill filed an amended complaint adding the KDOC as a defendant, but stating that it involved "the same basic events" as his original complaint. R., Vol. II at 672.

The district court ultimately granted all of the motions on the ground of res judicata. Mr. Hill appeals from that decision.

The appellees, who filed a single, joint response brief, argue that Mr. Hill waived appellate review of any substantive issues because his opening brief is "primarily, a rehashing of the allegations previously made in his Complaint" and "fails to address the issue of res judicata in any way." Aplee. Br. at 5. We agree. Mr. Hill's opening brief fails to even mention res judicata let alone explain how the district court erred in dismissing his complaint on that basis. *See* Aplt. Op. Br. at 2-4. We have explained that "issues will be deemed waived if they are not adequately briefed." *Utahns for Better Transp. v. U.S. Dep't of Transp*., 305 F.3d 1152, 1175 (10th Cir. 2002). Mr. Hill has therefore waived any challenge to the district court's dismissal of his complaint by not including any argument in his

3

opening brief related to the court's res judicata ruling. *See*, *e.g.*, *Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) (concluding that appellant waived certain claims by failing to assert any argument concerning the Administrative Review Board's determination that the Energy Restoration Act only provides a cause of action to employees).

We note that Mr. Hill does argue in his reply brief that res judicata should not apply to bar his federal suit because his two lawsuits "are totally different." Aplt. Reply Br. at 2. He states that, "[o]ne is a Medical malpractice [and] Gross Negligence" suit and the second suit "falls under 42 U.S.C. § 1983 Deliberate Indifference." *Id.* But we have explained that "[t]he failure to raise an issue in an opening brief waives that issue" and "appellate courts will not entertain issues raised for the first time on appeal in an appellant's reply brief." *Anderson*, 422 F.3d at 1174 (internal quotation marks and brackets omitted). We therefore decline to consider the argument Mr. Hill has raised in his reply brief because he waived it by failing to raise it in his opening brief.

For the foregoing reasons, we affirm the district court's judgment. We grant Mr. Hill's motion to proceed on appeal in forma pauperis, and we remind him that he is obligated to continue making partial payments until the fees are paid in full.

Entered for the Court
Per Curiam

4

*Kwame Otoyumaboya Hill v. Corizon Health, Inc., et al.*, No. 17-3087
**BACHARACH**, J., joined by **BRISCOE**, J., concurring.

The majority affirms after considering the arguments presented by the appellant. For appellees Corizon, Nickelson, Einerson, and Watson (in his individual capacity), our dissenting colleague would reverse based on an argument that he raises sua sponte. The majority takes a different approach, considering only the arguments that the appellant has made. Our dissenting colleague regards our approach as a failure to treat a pro se litigant fairly and to protect him against heavy-handed treatment by opposing counsel. I respectfully disagree.

Because Mr. Hill is pro se, we liberally construe his filings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). But liberally construing filings does not allow us to become advocates for unrepresented litigants. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

Our dissenting colleague considers it appropriate to reverse on a ground not presented, pointing out that we have the power to reverse on a ground not raised by the appellant. *Planned Parenthood of Kansas & Mid-Missouri v. Moser*, 747 F.3d 814, 836-38 (10th Cir. 2014). I do not question that power, though it is rarely exercised. *See Margheim v. Buljko*, 855 F.3d 1077, 1088 (10th Cir. 2017) (stating that we should exercise our

discretion "only sparingly" to consider issues that are waived). On the rare occasions in which we exercise that power, we have explained the presence of exceptional circumstances and given the parties an opportunity to address the issues being raised sua sponte. *Id.* at 1088-89 (stating that sua sponte review was appropriate because the issue involved a legal question, consideration was consistent with the purpose of qualified immunity, the party being affected had a unique pleading burden to avoid qualified immunity, the district court ruled on the issue, and the parties had an opportunity to address the issue in their appellate briefs); *Planned Parenthood of Kansas & Mid-Missouri v. Moser*, 747 F.3d 814, 836-38 (10th Cir. 2014) (stating that sua sponte review was appropriate because the issue was antecedent to an issue raised by the parties, the party being affected had two opportunities to brief the subject, and the issue was substantial and important).

But our dissenting colleague points to no exceptional circumstances here and the parties have not had an opportunity to address the issue that he raises. In the absence of exceptional circumstances or an opportunity to address our dissenting colleague's newly raised issue, I see no reason here to exercise our power to reverse on an issue being raised sua sponte. *See Fourth Corner Credit Union v. Fed. Res. Bank of Kansas City*, 861 F.3d 1052, 1053 n.1 & 1076 (10th Cir. 2017) (stating that the existence of

power to raise an issue sua sponte "does not mean that we should exercise it").

I strongly agree with our dissenting colleague that pro se litigants should be treated fairly. But a key ingredient of fairness is equality in treatment. Once we start imagining grounds for reversal that the parties have not raised, we can easily cross the line into advocacy. Crossing that line can serve not only to compromise our neutrality but also to create unintended consequences, disadvantaging the very parties that we are trying to help. *See* Robert Bacharach & Lyn Entzeroth, *Judicial Advocacy in Pro Se Litigation: A Return to Neutrality*, 42 Ind. L. Rev. 19, 32-41 (2009) (giving examples where judges have inadvertently disadvantaged pro se litigants by devising arguments in an effort to be helpful).

Instead, I would maintain a strict standard of neutrality. *See id.* at 42-43 (discussing how judicial neutrality is important to avoid "the loosening of the well-designed constraints on the role of the judiciary in the adversarial process"). I do not view this approach as a lack of fairness or unwillingness to scrupulously and diligently safeguard the rights of pro se litigants. Instead, I think we are carrying out our roles as judges to ensure equality in treatment, an indispensable component of fairness.

17-3087, *Hill v. Corizon Health*

**HARTZ**, Circuit Judge, concurring in part and dissenting in part

Contrary to some recent highly publicized criticism, my perception is that the federal courts, certainly in this circuit, are diligent and scrupulous in treating pro se litigants fairly and protecting them against heavy-handed treatment by opposing counsel. Occasionally, however, we fail in this task. This is an example. I recognize that if Mr. Hill were permitted to pursue his claims, the likelihood of his ultimate success would be small. But we should not affirm a summary judgment against a pro se litigant on a technical legal ground when (1) it is clear from the record that defense counsel did not adequately support an essential factual claim and (2) it is obvious on the face of the district court's opinion that the court misconceived an important area of the law.

In his opening brief in this court Mr. Hill did not address res judicata, but he did complain that the district court rejected his request for appointed counsel, arguing that "a lay person . . . really has a[n] uphill battle against the attorneys." Aplt. Br. at 4. His reply brief repeated the refrain, saying "these highly educated attorneys only can say one thing, res judicata. They haven't spoke about . . . not having done what the appellant has claimed." Aplt. Reply Br. at 2. I do not criticize the district court for denying the request for counsel. But if the case is going to turn on a technical doctrine like res judicata, we should at least take care that the decision against the pro see litigant is adequately supported.

The district court made one factual error and one legal error in ruling that some of the defendants were protected by res judicata. First, contrary to its ruling, the record does not show any judgment on the merits in favor of two of the defendants named in the state-court litigation. Second, it mistakenly ruled that at least one defendant in this suit was sued only in his official capacity, not his individual capacity; it improperly stated that a claim under 42 U.S.C. § 1983 alleging the defendant acted under color of state law is necessarily a claim against the defendant in an official capacity. Although Mr. Hill waived his right to have us review these errors, "[w]aiver . . . binds only the party, not the court." *Planned Parenthood of Kan. & Mid-Mo. v. Moser*, 747 F.3d 814, 837 (10th Cir. 2014). "[I]t is well-settled that courts have discretion to raise and decide issues sua sponte, even for the purpose of reversing a lower-court judgment." *Id*. Because of clear and dispositive errors in this pro se case, we should address the propriety of barring Mr. Hill's claims under res judicata doctrine.

This court reviews de novo the district court's determination that res judicata bars a claim. *See Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467–68 (10th Cir. 1993). "Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, 28 U.S.C. § 1738, which directs a federal court to refer to the

2

preclusion law of the State in which judgment was rendered." *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008) (internal quotation marks omitted). Accordingly, this case is controlled by Kansas law on res judicata.

Under Kansas law, application of res judicata requires establishing four elements: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. State Dep't of Soc. & Rehab. Servs.*, 49 P.3d 1274, 1285 (Kan. 2002). The district court determined that all of the necessary elements for res judicata were present in this case. I first address the first and third elements and then turn to the second and fourth.

For purposes of res judicata, two actions are considered a single claim if they arise from "the same factual transactions or series of connected transactions . . . , regardless of the number of substantive legal theories that were available to the plaintiff based on those facts." *O'Keefe v. Merrill Lynch & Co.*, 84 P.3d 613, 618 (Kan. Ct. App. 2004). In other words, the question is whether both "arose out of a common nucleus of operative fact." *Id.* (internal quotation marks omitted).

There is no question that Mr. Hill's federal suit arises out of the same "common nucleus of operative fact" as his earlier state-court action. That action was filed in state court in Butler County, Kansas against Correct Care Solutions, Corizon, Harrod, Morris, Heimgartner, and Nickelson. He asserted claims for medical malpractice and gross negligence arising from his medical care at EDCF—in particular, his treatment with Coumadin—from July 2013 into March 2014. Mr. Hill

3

filed an amended complaint adding the KDOC as a defendant, but stating that it involved "the same basic events" as his original complaint.

As the district court explained, "Although Plaintiff's claims are labeled differently, his theories are based on the same grouping of operative facts." R., Vol. II at 737. The court concluded: "The two suits share a common nucleus of operative facts and substantially overlap in time, witnesses, and proof. Thus, elements one and three [of res judicata] have been met because Plaintiff did bring the same claims (although entitled differently) in each suit." *Id*. at 737–38 (footnote omitted). In a footnote the court added:

> To the extent that Plaintiff did not actually assert a claim in the first lawsuit that he does assert here, element three of res judicata requires claims that were or *could have been raised*. Here, because Plaintiff's claims arise out of the same nucleus of facts, to the extent that he tries to bring any additional claims, he could have raised those claims in his first lawsuit.

*Id*. at 738 n.19 (internal quotation marks and citations omitted). I see no error in the district court's determination that res judicata's first element (same claim) and third element (claim that could have been raised in the first lawsuit) were met in this case.

I cannot say the same regarding the other two elements, which concern whether the parties in the federal suit were the same as, or in privity with, parties who obtained a favorable judgment on the merits in the state-court action. The district court based its ruling on the determination that judgments on the merits were entered by the state court in favor of Corizon, Nickelson, Morris, Harrod, and KDOC. But nothing in the record reflects judgments in favor of Corizon or Nickelson. In the

4

Corizon Defendants' motion in district court, they asserted that "[t]he Butler County Court has entered its order dismissing the plaintiff's claims based upon a failure to state a claim" and cited to two exhibits. *Id*. at 14. The first exhibit is an order dismissing Mr. Hill's claims against Morris. The second exhibit is an order dismissing Mr. Hill's claims against Harrod and Heimgartner. The appellees' brief on appeal repeats the unsupported assertion. Without any citation to the record, it states that "the first lawsuit filed in Butler County District Court was adjudicated on its merits. Specifically, Judge Charles Hart dismissed Plaintiff's lawsuit because it was factually deficient as pled and because it failed to state a claim against Defendants." Aplee. Br. at 10–11. Despite this assertion, there is no escaping the conclusion that the district court erred in determining that there were final judgments on the merits in favor of Corizon or Nickelson. If those two defendants are to be granted summary judgment on the ground of res judicata, there must be supporting evidence.

That leaves two defendants, Einerson and Watson. Neither was a defendant in the state-court action, but the district court ruled that they were entitled to invoke res judicata because they were in privity with parties that were defendants in that action: Einerson in privity with Corizon, and Watson in privity with KDOC. The res judicata judgment in favor of Einerson should be set aside because it is improperly predicated on the assumption that there was a judgment on the merits in favor of Corizon

As for Watson, perhaps he is in privity with KDOC for res judicata purposes, but not on the ground relied upon by the district court.  The district court gave the following rationale for its privity determination:

> [Mr. Hill] states that Watson was acting under color of state law.  Thus he is suing him in his official capacity and . . . this suit is in all respects a suit against the entity, KDOC.  Because KDOC was a defendant in the previous lawsuit, . . . there is an identity of the parties with respect to Watson.

*Id*. at 739.  This rationale is based on a misconception about official capacity.  Every defendant sued under § 1983, whether sued in an official or individual capacity, must have allegedly acted under color of state law.[1]  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that "[p]ersonal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.").  Further, Mr. Hill's intention to sue Watson in his individual capacity is reflected in the caption.  It is noteworthy that the district court's docket sheet states that he is being

---

[1] The statute provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).

6

sued "in his individual and official capacity" R., Vol. I at 4; and the State Defendants at least thought that Watson was arguably being sued in his individual capacity and sought qualified immunity (which is available only to an individual) in district court. One must conclude that the district court erred in dismissing Mr. Hill's claims against Watson in his individual capacity.

For the above reasons, I would affirm the res judicata dismissals of KDOC, Harrod, Morris, and Watson (in his official capacity). But I would reverse the dismissals with respect to Corizon, Nickelson, Einerson, and Watson (in his individual capacity).

A few words in response to the concurrence. I agree with all the general statements made by Judge Bacharach. We should be very circumspect about sua sponte raising an issue requiring reversal. There are several good reasons for this. We lack the time and resources to comb records in search of error. And when we think we have found error, we may be wrong because of things we have missed or things not in the record (because never controverted). Also, raising new issues on appeal can often be unfair to the losing party, both because it did not have the opportunity to argue the issue and because it did not have the opportunity to put on evidence that may have negated or mooted the concern.[2] Judge Bacharach notes that raising a new issue sua sponte can sometimes even harm the party it is intended to help.

But I am not prepared to say that strict neutrality should be a hard-and-fast rule. Sometimes the risk of unfairness from raising the issue is minimal. That appears to be

2. Often it is appropriate to request supplemental briefing before resolving the new issue.

the situation in this case. And sometimes catching an error takes very little time. In this case, just reading the district court's relatively short opinion (a standard task in almost any appeal) revealed a glaring error regarding official-capacity claims. Then, the standard preparation of an opinion suggesting reversal on that ground revealed the absence in the record of any judgment on the merits against several of the defendants in the state-court action.

What is particularly noteworthy about the errors in this case is that they were not the result of the district court's failure to act as the pro se plaintiff's advocate. I agree that the court cannot be faulted for not searching the record for facts and argument to support a party's position. But the court *did* have a duty to be sure that the motion for summary judgment was sound. As we said in *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002):

> [A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.

Fulfilling this duty is not "assum[ing] the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet the district court missed a significant gap in the evidence and applied a clearly incorrect proposition of law. If our review of summary judgments is indeed, as we always say, de novo, perhaps we have a minimal duty of correcting egregious errors that hit us in the nose.

Further, in this appeal there are two important reasons to reverse beyond simply correcting an error in a particular case. First, the district court made a legal error (regarding suits against someone in an official capacity) that should not be repeated in future litigation. We cannot convey that message in a summary affirmance. Second, the district court failed in its duty to be sure that the record supported the factual basis for summary judgment. *See Reed*, 312 F.3d at 1195. We should insist on greater care in conducting this component of the district court's business. In saying this, I do not want to suggest any superiority over colleagues in the district courts. No one who has to resolve the volume of pro se cases confronting the district courts can be expected to always maintain a high level of attention to detail when reviewing pleadings that are sometimes illegible, often incomprehensible, and almost always devoid of cogent legal argument. To say how difficult performance of the duty is, however, is not to say that the duty does not exist. An occasional reminder from this court may be helpful in maintaining the high level of care provided to pro se litigants by the federal courts.

Harris L Hartz
Circuit Judge