**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CETA DOCHTERMAN; CELECE
DOCHTERMAN, a minor, by and
through her Guardian Ad Litem Ceta
Dochterman,

        Plaintiffs-Counter-
        Defendants-Appellants,

v.

RESOURCE REALIZATIONS, a
corporation,

        Defendant,

    and

TEEN HELP; R&B BILLING, a
corporation, also known as R&D
Billing; DIXIE CONTRACT
SERVICES, a corporation; ROBERT
B. LICHFIELD; BRENT M. FACER,

        Defendants-Counter-
        Claimants-Appellees.

No. 01-4247
(D.C. No. 98-CV-825-K)
(D. Utah)

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs Ceta Dochterman and her daughter Celece Dochterman appeal the district court's order dismissing their complaint as a sanction for their repeated failures to provide discovery.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

Defendants [1] operated a residential facility for treatment of teenagers with behavioral and other problems.  Ceta Dochterman placed her daughter Celece in the facility in 1995 and 1997.  Plaintiffs claimed that Celece was physically and mentally abused there, and that they had been deceived about the abusive treatment techniques prior to Celece's placement.  They filed suit invoking diversity jurisdiction and alleging various causes of action based on Celece's

---

[1]     Defendant Resource Realizations is not a party to this appeal.  Our references to "defendants" are to the remaining defendants, who are appellees.

treatment.  Plaintiffs alleged that defendants directed and/or participated in the abuse of Celece.  Defendants filed a counterclaim, which they abandoned when the district court dismissed plaintiffs' case.

The district court assigned the case to a magistrate judge for pretrial proceedings, pursuant to 28 U.S.C. § 636(b)(1).  Discovery ensued.  Defendants attempted three times to depose both plaintiffs, but plaintiffs never appeared and were never deposed.  Consequently, the magistrate judge ruled that plaintiffs would not be allowed to testify at trial.  Appellants' App. at 328.

Similar problems arose with plaintiffs' designation of their expert witnesses.  Due to plaintiffs' failure to provide their experts' reports, defendants filed a motion to exclude expert witnesses or compel discovery.  By an order dated December 4, 2000, the magistrate judge denied the request to exclude the witnesses, but granted the motion to compel discovery and imposed a sanction of $750 against plaintiffs and their attorney for defendants' costs and attorney fees in bringing the motion.    Id. at 194-96.  Plaintiffs produced the report of only one of their expert witnesses, and as a consequence, they were precluded from calling any experts except the one whose report was provided.    Id. at 328.

In February 2000, defendants moved for sanctions.  In an order dated October 24, 2000, the district court denied the motion, but warned that "[t]his

denial should not be interpreted as an indication that the court will continue to allow dilatory behavior without consequence." Id. at 279.

Plaintiffs also failed to produce medical records and other documents defendants requested through discovery. Defendants filed a motion to compel their production, which the magistrate judge granted following a hearing on February 1, 2001. See Id. at 326-29. The order required that the documents be produced or that plaintiffs "submit a signed authorization . . . providing for the release of all such records to defendants." Id. at 327. Plaintiffs were granted two weeks to produce the discovery. Id. at 328. The order imposed another monetary sanction, this time in the amount of $5,302.51, against plaintiffs and their attorney to compensate defendants for their costs and attorney fees in attempting to obtain discovery. Id. at 329. In addition, the magistrate judge issued the following warning: "Any failure of plaintiffs to fully comply with the demands and deadlines set forth above will be considered grounds for a recommendation of dismissal of this action in its entirety . . . ." Id.

On the due date, plaintiffs produced releases for the medical records rather than the records themselves. The releases were signed only by Ceta Dochterman and were not notarized. By then, however, Celece had attained the age of majority, so her signature was required to obtain her records. Celece did not provide any releases. Her attorney candidly admitted that Celece had failed to

maintain contact with him. Defense counsel informed plaintiffs' attorney that the releases were inadequate to obtain the records, but plaintiffs did not correct the problem.

Plaintiffs then filed notices to depose several of defendants' witnesses. Defendants filed a motion to dismiss based on plaintiffs' failure to comply with the order to compel discovery. The motion also requested a protective order to postpone their witnesses' depositions until the motion to dismiss was resolved. The protective order was granted.

The magistrate judge twice ordered plaintiffs to retain local Utah counsel because their counsel of record was an attorney practicing in California. Id. at 196, 329. Plaintiffs did not comply with those orders.

In considering the motion to dismiss, the magistrate judge reviewed the history of discovery problems, including the two prior monetary sanctions and the two warnings that failure to comply could result in dismissal. He determined that plaintiffs had failed to comply with court orders for discovery and that their conduct had "frustrated the litigation, precluded defendants from being able to prepare in this case and precluded a resolution on the merits." Id. at 392-93. Accordingly, the magistrate recommended that the case be dismissed with prejudice.

The district court conducted a de novo review of the recommendation, the objections thereto, the motions and briefs, and the record. It found that plaintiffs had been warned that their case would be dismissed if they failed to comply with the order to compel discovery, and that plaintiffs had not complied with the discovery order or the orders to retain associate local counsel. The court adopted the magistrate judge's recommendation, and dismissed the case with prejudice on October 24, 2001.

Plaintiffs appeal, claiming that they complied with the order to compel discovery by providing the medical releases signed by Ceta Dochterman. They also assert that (1) dismissal was not warranted under the circumstances, (2) the court was without jurisdiction to dismiss the case because defense counsel had not complied with the rule to meet and confer about discovery disputes, (3) the court abused its discretion and acted in excess of its jurisdiction in granting the protective order, and (4) the monetary sanction of $5,302.51 was not supported by any evidence and was awarded in violation of court rules.

Discussion

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). This discretion includes dismissal for discovery violations. Archibeque v. Atchison,

-6-

Topeka & Santa Fe Ry. Co. , 70 F.3d 1172, 1174 (10th Cir. 1995). Because

dismissal is a severe sanction, it should be imposed only if a "lesser sanction

would not serve the ends of justice." Reed, 312 F.3d at 1195 (quotation omitted).

In evaluating whether dismissal is an appropriate sanction, the district court

should consider the following factors: (1) the degree of actual prejudice to the

opposing party, (2) the degree of interference with the judicial process, (3) the

litigant's culpability, (4) whether the litigant was warned in advance that

dismissal was a likely sanction, and (5) whether a lesser sanction would be

effective. Gripe v. City of Enid , 312 F.3d 1184, 1188 (10th Cir. 2002) (citing

Ehrenhaus v. Reynolds , 965 F.2d 916, 921 (10th Cir. 1992)).

Plaintiffs maintain that the dismissal order must be reversed because it was

based on the magistrate judge's erroneous conclusion that they had failed to

comply with the order compelling discovery. An abuse of discretion can occur

when the district court relies on clearly erroneous findings of fact. Kiowa Indian

Tribe of Okla. v. Hoover , 150 F.3d 1163, 1165 (10th Cir. 1998). Plaintiffs

maintain that they complied with the order by submitting releases signed by Ceta

Dochterman. They do not claim, however, that these releases were sufficient to

permit defendants to obtain the records. Their argument ignores both the spirit

and the letter of the magistrate judge's order compelling discovery, which stated

that any authorization must "provid[e] for the release of all such records to

defendants." Appellant's App.    at 327.  We conclude that the district court's determination that plaintiffs failed to comply with discovery orders was not clearly erroneous.

As for plaintiffs' argument that the sanction of dismissal was not warranted, the record demonstrates that the district court's decision to dismiss the case was based on the appropriate considerations.  The court noted that plaintiffs' failure to provide discovery had inconvenienced and prejudiced defendants and the court.  The magistrate judge found that plaintiffs' conduct had "frustrated the litigation, precluded defendants from being able to prepare in this case and precluded a resolution on the merits."     Id. at 393.  Furthermore, plaintiffs' failure to retain local associate counsel made the litigation more cumbersome and expensive.

Plaintiffs failed three times to appear for their own depositions, Celece refused to cooperate with her attorney, and the medical records were never made available to defendants.  The court twice clearly warned plaintiffs that failure to comply with orders of court, particularly discovery orders, could result in dismissal of their case.  Lesser sanctions of monetary payments were imposed twice, but plaintiffs continued to disobey court orders.  Accordingly, the district court acted within its discretion in dismissing the case.

Plaintiffs next assert that the district court was without jurisdiction to dismiss the case because defense counsel had not complied with Fed. R. Civ. P. 37(a)(2)(B) by meeting and conferring with plaintiff's attorney. Rule 37(a)(2)(B) requires a good-faith conference or attempt to confer "in an effort to secure the information or material without court action." In fact, the attorneys met in person for this purpose following a hearing. An impediment to conferring was the fact that plaintiffs' counsel resided in California. Defense counsel sent numerous written explanations of discovery disputes, requesting resolution. Under these circumstances, we hold that defendants complied with Rule 37(a)(2)(B).

Plaintiffs also claim that the magistrate judge abused his discretion and acted in excess of his jurisdiction in granting the protective order postponing depositions of defendants' witnesses until the motion to dismiss was resolved. We review a discovery protective order for an abuse of discretion. Harris Mkt. Research v. Marshall Mktg. & Communications, Inc., 948 F.2d 1518, 1526 (10th Cir. 1991). Plaintiffs assert that the court gave no reason for the protective order and that they were prejudiced because they were not allowed to develop evidence. This argument is disingenuous. The magistrate judge stated that discovery would be stayed pending resolution of the motion to dismiss. Appellant's App. at 439-40. Moreover, plaintiffs do not argue that discovery would have assisted them to resist the motion to dismiss. We conclude that the magistrate judge did

not abuse his discretion in staying discovery pending a ruling on the dismissal motion.

Finally, we reject plaintiffs' claim that the monetary sanction of $5,302.51 was not supported by any evidence and was awarded in violation of court rules. Defense counsel's affidavit stated that defendants incurred that amount in attempting to depose plaintiffs and filing pleadings necessitated by plaintiffs' discovery violations. See Appellees' Supp. App. at 97-99. To the extent plaintiffs argue that Rule 37(a)(2)(B), requiring attorneys to confer on discovery matters, should invalidate this award, we have held above that the requirements of Rule 37(a)(2)(B) were met.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge