Catherine **HOPKINS**, Plaintiff,

v.

**J.C. PENNEY COMPANY, INC.**, Defendant.

No. CIV.A.03–2320–CM.

United States District Court, D. Kansas.

Nov. 19, 2004.

See also 2005 WL 1041331.

Dennis E. Egan, Stephen J. Dennis, The Popham Law Firm, P.C., Kansas City, MO, for Plaintiff.

Jerome K. Lipsich, Lisa Abram, J.C. Penney Company Inc., Plano, TX, Katherine R. Sinatra, Jack D. Rowe, Lathrop & Gage, LC, Kansas City, MO, Sara J. Kagay, Vedder, Price Kaufman & Kammholz, LLC, Chicago, IL, for Defendant.

*MEMORANDUM AND ORDER*

MURGUIA, District Judge.

Plaintiff brings this cause of action against defendant alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623, *et seq.*, and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e *et seq.* This matter comes before the court on defendant's Motion to Dismiss (Doc. 19).

## I. Background

Plaintiff filed her complaint on June 17, 2003. Defendant was served with process on September 4, 2003. Magistrate Judge Waxse conducted a telephonic scheduling conference on November 25, 2003, and subsequently issued a Scheduling Order setting forth dates within which the parties were to conduct and complete discovery. The Scheduling Order provided that the parties were to exchange Rule 26(a)(1) disclosure pleadings and the associated documents by December 5, 2003, and complete all discovery by May 30, 2004.

### A. Plaintiff's Failure to Timely Serve Discovery Responses

On November 21, 2003, defendant served its Rule 26(a)(1) disclosures on plaintiff. When defendant filed the current Motion to Dismiss on April 22, 2004, plaintiff still had not served her Rule 26(a)(1) disclosures on defendant.

On January 22, 2004, defendant served plaintiff with defendant's first set of interrogatories and first request for production of documents via regular U.S. Mail. Plaintiff's responses to defendant's discovery requests were due on or before February 24, 2004. Plaintiff failed to object or to otherwise respond to defendant's written discovery by February 24, 2004.

On January 22, 2004, defendant's counsel contacted plaintiff's counsel and inquired as to plaintiff's Rule 26(a)(1) disclosures. The same day, plaintiff's counsel responded that he was working on the disclosures and would provide them in computerized form on January 23, 2004.

By January 28, 2004, defendant still had not received plaintiff's Rule 26(a)(1) disclosures. Defendant's counsel contacted plaintiff's counsel by e-mail regarding the disclosures. On February 4, 2004, plaintiff's counsel replied to the e-mail but did not provide plaintiff's Rule 26(a)(1) disclosures. On February 12, 2004, defendant's counsel advised plaintiff's counsel that he must provide plaintiff's Rule 26(a)(1) disclosures, or defendant would be forced to file a motion to compel them. The same day, defendant's counsel also sent plaintiff's counsel a letter reminding him that plaintiff's Rule 26(a)(1) disclosures were past due and that plaintiff's responses to defendant's discovery requests were due on or before February 24, 2004. In the letter, defendant's counsel advised plaintiff's counsel that, if plaintiff's Rule 26(a)(1) disclosures were not served by February 20, 2004, defendant would be forced to file a motion to compel.

By March 2, 2004, defendant had not received either plaintiff's Rule 26(a)(1) disclosures or discovery responses. That day, defendant's counsel telephoned plaintiff's counsel and left a message stating that plaintiff needed to serve her Rule 26(a)(1) disclosures and discovery responses by Friday, March 5, 2004, or defendant intended to file a motion to compel.

On March 4, 2004, defendant's counsel again called plaintiff's counsel and left another message regarding the Rule 26(a)(1) disclosures and discovery responses. Later that day, plaintiff's counsel returned the call and left a message stating that he planned to serve plaintiff's Rule 26(a)(1) disclosures and discovery responses by March 8, 2004.

On March 8, 2004, defendant's counsel did not receive any Rule 26(a)(1) disclosures or discovery responses from plaintiff. Defendant's counsel again called plaintiff's counsel and left a message inquiring as to the status of the Rule 26(a)(1) disclosures and responses, but plaintiff's counsel did not respond.

### B. Defendant's Motion to Compel Discovery

On March 9, 2004, defendant's counsel filed its motion to compel, seeking immediate production of plaintiff's Rule 26(a)(1) disclosures and discovery responses. On March 29, 2004, plaintiff's counsel filed a certificate of service stating that plaintiff's Rule 26(a)(1) disclosures and discovery responses had been served on defendant's counsel by regular U.S. mail on the same date. Defendant never received the disclosures and discovery responses in the mail. On April 15, 2004, defendant's counsel sent plaintiff's counsel a letter stating that counsel had not received either plaintiff's Rule 26(a)(1) disclosures or discovery responses, and seeking an explanation for plaintiff's certificate of service.

On April 16, 2004, plaintiff's counsel called defendant's counsel and stated that he was out of town, but that he would call defendant's counsel on Monday, April 19, 2004, to explain why the information had not been produced. Plaintiff's counsel did not contact defendant's counsel on April 19, 2004, and did not respond to defendant's motion to compel.

### C. Defendant's Motion to Dismiss

On April 22, 2004, defendant filed the instant Motion to Dismiss, claiming that plaintiff's failure to prosecute the action, failure to provide discovery and failure to cooperate with court process has precluded defendant from preparing its case and warrants dismissal of the action. Defendant also has requested its attorney's fees and costs for defending the action. Alternatively, defendant has requested that the court modify the scheduling order.

On May 17, 2004, plaintiff filed a motion for extension of time until May 21, 2004, to file a response to defendant's Motion to Dismiss. The court granted plaintiff's motion; however, plaintiff failed to file a response by May 21, 2004.

### D. Court's Ruling on Defendant's Motion to Compel

On May 19, 2004, Magistrate Judge Waxse granted defendant's motion to compel and ordered plaintiff to serve defendant her Rule 26(a)(1) disclosures and discovery responses within 10 days from the date of the Order. Magistrate Waxse directed defendant's counsel to file, by June 3, 2004, an affidavit

itemizing its expenses incurred in bringing the motion to compel.

On May 20, 2004, Magistrate Waxse entered an Order continuing the parties' final pretrial conference until July 1, 2004, and converting the conference to a status conference. On June 3, 2004, defendant's counsel filed its affidavit of expenses regarding the motion to compel, to which plaintiff's counsel did not respond. On June 30, 2004, Magistrate Waxse awarded defendant expenses and attorney's fees totaling $372.50.

### E. July 1, 2004 Status Conference

On July 1, 2004, prior to the status conference with Magistrate Waxse, plaintiff's counsel sent an e-mail to Magistrate Waxse attaching plaintiff's discovery pleadings and indicating that he was hand-delivering them to defendant's counsel that morning, along with a check for $372.50. That day, prior to the status conference, defendant's counsel received plaintiff's supplemental Rule 26(a)(1) disclosures, answers to defendant's interrogatories, and responses to defendant's request for production of documents, along with a check for $372.50. Defendant claims that the information plaintiff provided did not include any of the documents identified in plaintiff's responses, and that the responses were largely incomplete.

During the status conference with Magistrate Waxse, defendant's counsel pointed out that plaintiff had failed to produce any of the documents requested in discovery. Plaintiff's counsel stated that he had the documents and could produce them at defendant's counsel's office. Magistrate Waxse directed plaintiff's counsel to produce the documents by Tuesday, July 6, 2004, in the offices of defendant's counsel in Kansas City. Magistrate Waxse also instructed plaintiff's counsel to file a response to defendant's Motion to Dismiss.

### F. Plaintiff's Continued Failure to Produce Documents or Respond to Defendant's Motion to Dismiss

By July 7, 2004, plaintiff had not produced the documents. That day, defendant's counsel faxed plaintiff's counsel a letter reminding him of Magistrate Waxse's directive and seeking production of the documents. On July 8, 2004, plaintiff's counsel sent defendant's counsel an e-mail stating that defendant could inspect the documents at plaintiff's counsel's office on July 12 or 13.

On July 9, 2004, defendant's counsel faxed plaintiff's counsel a letter expressing disappointment that the documents had not been produced and asking that the documents be sent to a copy service and a copy delivered to defendant's counsel as soon as possible, all at defendant's expense. As of July 16, 2004, defendant still had not received the documents from plaintiff.

The same day, the court entered a Show Cause Order, requiring plaintiff to show cause by July 23, 2004, why defendant's Motion to Dismiss should not be granted.

### G. Plaintiff's Response to the Show Cause Order and Motion to Dismiss

On July 23, 2004, plaintiff filed a response to the Show Cause Order, which included a response to the Motion to Dismiss. In his response, plaintiff's counsel stated that he believed that plaintiff's discovery responses had been mailed on March 29, 2004, and that he subsequently served defendant's counsel with the discovery responses on July 1, 2004, and promptly paid the sanctions. Plaintiff's counsel also asserted that he believed that Magistrate Waxse's May 19 and 20, 2004 Orders were in response to defendant's Motion to Dismiss. Plaintiff's counsel noted that plaintiff's deposition was set for August 4, 2004, and that plaintiff was prepared to proceed with discovery. Plaintiff's counsel also cited his involvement in two other cases that have demanded much of plaintiff's counsel's time and commitment.

With regard to defendant's Motion to Dismiss, plaintiff's counsel argued that defendant has shown no prejudice from the delay in receiving plaintiff's discovery responses, and that the revised deadlines set in the July 1, 2004 status conference with Magistrate Waxse would enable both parties to conduct necessary discovery and adequately prepare for trial. Plaintiff's counsel also admitted to missing deadlines imposed by Magistrate Waxse, but claims that any interference with

the judicial process has been minimal. Plaintiff's counsel also argued that plaintiff's counsel, but not plaintiff herself, has been responsible for the delays experienced in the case. Plaintiff's counsel further contended that he has been honest with the court and taken responsibility for his conduct, thus making it unfair to penalize plaintiff by dismissing her claims.

### H. Defendant's Response to Plaintiff's Arguments Against Dismissal

In response, defendant's counsel points out that plaintiff's counsel has failed to explain the failure to serve Rule 26 disclosures until almost seven months past the deadline and the failure to even attempt to serve discovery responses until more than a month past their due date. Defendant's counsel also points out that plaintiff's counsel has failed to explain why he filed no response to defendant's Motion to Dismiss until compelled to do so by the court, and why plaintiff had failed to produce any documents to defendants as of July 27, 2004, the date defendant filed its reply to the Motion to Dismiss. Defendant's counsel contends that all of the attorneys in the case have full caseloads, and that it is undisputed that plaintiff has made little effort to prosecute the case despite having filed it over a year ago. Defendant also points out that "a litigant is bound by the actions of its attorney, and the relative innocence of the litigant in the failure does not constitute grounds for relief." *Gripe v. City of Enid*, 312 F.3d 1184, 1188–89 (10th Cir.2002).

### II. Legal Standard

■ "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). This discretion includes dismissal for discovery violations. *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir.1995); Fed.R.Civ.P. 41(b). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." *Reed*, 312 F.3d at 1195 (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. *Gripe*, 312 F.3d at 1188 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992)).

### III. Discussion

#### A. Prejudice to Defendant

■ The court finds that defendant has suffered prejudice as a result of plaintiff's actions. This case has been on the court's docket for more than a year. In that time, plaintiff has done little, if anything, to prosecute the case, and has thwarted defendant's efforts at obtaining written discovery responses and documents from plaintiff by failing to abide by deadlines set in the scheduling order, failing to provide initial Rule 26 disclosures, and failing to respond to any of defendant's requests for discovery. Discovery in this case was scheduled to conclude by May 30, 2004. At that time, the only discovery that had been conducted was initiated by defendant, which had to compel responses and initial Rule 26 disclosures from plaintiff through motion to the court.

Moreover, despite the court's entry of its May 19, 2004 Order compelling plaintiff to provide written discovery responses and her initial Rule 26 disclosures to defendant by June 3, 2004, plaintiff failed to provide the compelled responses to defendant until July 1, 2004, more than a month after discovery was to have concluded in this case. Further, plaintiff failed to provide defendant with the documents referred to in her written discovery responses, despite the court's order that plaintiff provide the documents to defendant no later than July 6, 2004.

Plaintiff's failure to file the mandatory Rule 26 disclosures, when combined with plaintiff's failure to respond to written discovery, failure to communicate with defendant's counsel, and failure to provide relevant documents to defendant, has left defendant largely in the dark about all aspects of plain-

tiff's claims, plaintiff's witnesses, plaintiff's exhibits, and all other aspects of plaintiff's case. Indeed, plaintiff's conduct has effectively prohibited defendant from preparing its case for trial, unless the court issues a new scheduling order and extends the time for discovery. Moreover, defendant has expended great effort in calling, faxing and e-mailing plaintiff about discovery matters—even after the court granted defendant's motion to compel. The court finds the degree of prejudice to defendant is substantial.

### B. Interference with the Judicial Process

■ Plaintiff's interference with the judicial process has been significant. Indeed, both the district court as well as Magistrate Judge Waxse have issued orders to show cause due to the plaintiff's repeated failures to meet deadlines and respond to motions. Additionally, even when the order to compel discovery was entered against plaintiff, plaintiff still failed to observe the order and provide the discovery as requested by defendant and as directed by the court. Plaintiff has repeatedly missed deadlines and has failed to participate in the discovery process. Plaintiff's interference with the judicial process has left this case at the close of discovery in a posture where the case cannot possibly proceed to the pretrial conference, much less trial of the action, without a completely new scheduling order permitting additional time to conduct discovery. Despite plaintiff's counsel's representation to the court that he and plaintiff are now prepared to proceed with discovery, the court finds little credibility in this statement in light of the history of the case thus far. This factor weighs strongly in favor of dismissal.

### C. Plaintiff's Culpability

■ There is no evidence before the court that plaintiff is personally responsible for the missed deadlines or failure to comply with orders of the court. In fact, plaintiff's counsel has asserted that he, and not his client, is to blame for the missed deadlines and failure to participate in and respond to discovery. However, as defendant has pointed out, plaintiff is bound by the actions of her attorney. *See Gripe,* 312 F.3d at 1188–89.

### D. Warning of Possible Dismissal

■ Plaintiff was warned by defendant's filing of the instant Motion to Dismiss that dismissal was a possibility. Moreover, the court warned plaintiff that her case would be dismissed if she failed to respond to the court's July 9, 2004 Show Cause Order. Notably, plaintiff failed to respond to the Motion to Dismiss until the court entered its July 9, 2004 Order. The court finds plaintiff has had sufficient notice that her case may be dismissed.

### E. Effectiveness of Lesser Sanction

■ Significantly, Magistrate Judge Waxse granted defendant's motion to compel on May 19, 2004. Plaintiff failed to provide the compelled materials to defendant until July 1, 2004, despite the court's order that plaintiff provide them to defendant within 10 days of its May 19, 2004 Order. The court sanctioned plaintiff on June 30, 2004, by awarding defendant the costs and attorneys' fees it incurred in filing the motion to compel. Then, after being sanctioned, plaintiff *still* failed to comply with Magistrate Waxse's instruction during the parties' July 1, 2004 status conference that plaintiff's counsel produce to defendant by July 6, 2004, at defendant's counsel's offices, the documents referenced in plaintiff's discovery responses. When plaintiff did not produce the documents to defendant by July 6, 2004, defendant's counsel expended additional effort contacting plaintiff's counsel regarding the documents. In response, plaintiff's counsel told defendant's counsel that the documents would be available at his office for review—clearly not what Magistrate Judge Waxse instructed. Defendant's counsel then requested that plaintiff's counsel have the documents copied and sent to defendant, at defendant's expense. As of July 27, 2004, the date this Motion to Dismiss was fully briefed, and more than two months after discovery was to have closed, defendant had not received the documents. As such, the court determines that a lesser sanction would not

be effective in procuring plaintiff's constructive participation in the case.

## IV. Conclusion

■ Upon consideration of the factors set forth in *Gripe,* the court concludes that dismissal of this action is warranted. *See Dochterman v. Res. Realizations,* 56 Fed.Appx. 455, 459–60 (10th Cir.2003) (holding that sanction of dismissal was warranted when plaintiff had failed to appear for deposition on multiple occasions and following plaintiff's failure to comply with orders of the court, including an order that plaintiff make medical records available to the defendant); *Willner v. Univ. of Kan.,* 848 F.2d 1023, 1030 (10th Cir.1988) (finding that district court properly dismissed plaintiff's action for failure to provide discovery where plaintiff had over six months to submit supplemental answers to interrogatories as ordered but willfully failed despite threat of dismissal). However, having considered the consequences to plaintiff of a dismissal with prejudice, the court has decided to dismiss the action without prejudice pursuant to Fed. R.Civ.P. 41(b), subject to certain conditions should plaintiff refile her complaint: (1) discovery conducted in this case will be used in the refiled case; (2) at the time of refiling, plaintiff shall provide defendant with any discovery responses and/or documents currently outstanding in this case; (3) plaintiff shall promptly comply with all discovery requirements in the refiled case; (4) plaintiff's counsel will reimburse defendant for the court costs of this action; and (5) plaintiff's counsel shall pay the fees defendant incurred in filing the motion to dismiss in this case. Should plaintiff decide to refile this case and fail to meet any of the conditions set forth above, the court shall, upon defendant's motion, dismiss plaintiff's refiled case with prejudice.

■ Defendant also requests an award of attorneys' fees and sanctions against plaintiff. The court has considered the issue and concludes that the sanction of dismissal is sufficient at this time. The court therefore denies defendant's request for attorney's fees and additional sanctions at this time but notes that plaintiff will be required to pay certain costs and fees, as are set forth above, should she decide to refile the case.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 19) is granted.

**IT IS FURTHER ORDERED** that this matter be and is hereby dismissed without prejudice.