F I L E D
United States Court of Appeals
Tenth Circuit

FEB 12 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN SANDIFER,

        Plaintiff - Appellant,

v.

LEROY GREEN, JR.; J.B. HOPKINS,
Jail Administrator; (FNU) GAMBLE,
Jail Physician, Wyandotte County
Detention Center; PRISON HEALTH
SERVICES,

        Defendants - Appellees.

No. 02-3086
D.C. No. 00-CV-3286-JTM
(D. Kansas)

ORDER AND JUDGMENT   *

Before **EBEL**, **BALDOCK**, and **LUCERO**, Circuit Judges.

Plaintiff John Sandifer, a Kansas state inmate proceeding pro se, appeals

the district court's order dismissing his complaint filed under 42 U.S.C. § 1983,

in which he alleged deliberate indifference to his serious medical needs during his

---

* At the parties' request, the case is unanimously ordered submitted without oral
argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order
and judgment is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

pretrial detention in violation of the Eighth Amendment. He also appeals the district court's denial of various motions. We exercise jurisdiction under 28 U.S.C. § 1291, and reverse and remand for further proceedings.

**I**

Sandifer was arrested and jailed on May 1, 1999. He was detained at the Wyandotte County Detention Center until January 14, 2000, when he was transferred to the state penitentiary. Sandifer suffers from the AIDS virus and requires medication to treat his condition. On August 7, 2000, he filed a § 1983 complaint in district court, claiming that jail personnel refused to provide him with the necessary medication and failed to administer his medication correctly. He further alleged that jail personnel disregarded his requests for appropriate medication and his complaints of pain and other serious symptoms of his condition.

Defendants filed motions to dismiss Sandifer's suit on the ground that they provided Sandifer with regular and reasonable medical care while in jail. The district court notified the parties that the motions to dismiss would be treated as motions for summary judgment. Sandifer did not respond to defendants' motions, but instead filed a motion to stay proceedings temporarily, a motion to file a second amended complaint, a renewed motion for appointment of counsel, and a motion for a guardian ad litem based on his inability to draft legal documents due

-2-

to attention deficit disorder. [1]  Because Sandifer had drafted many legal documents, the district court found no excuse for Sandifer's failure to respond to defendants' motions to dismiss.  Applying Rule 7.4 of the District of Kansas Local Rules, which states that uncontested motions "ordinarily will be granted without further notice," the district court granted defendants' motions to dismiss. Sandifer's pending motions were denied as moot.  We consider Sandifer's appeal. [2]

## II

Sandifer was a pretrial detainee during the time his claims arose.  "Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to

---

[1] Sandifer contends that the district court failed to liberally construe his motions as an answer to defendants' motions to dismiss.  He argues that "[w]hile the Motions were not entitled, Answer to Motion to Dismiss, a liberal construction clearly shows the Appellant used this Motion as a vehicle to address the dismissal motion." (Appellant's Br. at 13.)  Because we conclude below that the district court improperly granted summary judgment in favor of defendants, we do not reach this argument.

[2] Sandifer has filed a volume of documents characterized as exhibits to his opening brief on appeal.  Defendants have moved to strike the exhibits on the ground that the documents were not presented to the district court.  Many of the medical records contained in the exhibits volume, however, were submitted to the district court with the Martinez report.  The motion to strike is denied as to those documents.  The motion is granted as to the remaining documents because we will not consider evidence that was not before the district court.  John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (citation omitted).

convicted inmates under the Eighth Amendment." Estate of Hocker ex rel. Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir. 1994). Therefore, Sandifer's claim that he received inadequate medical treatment while he was in jail is evaluated under the standard of "deliberate indifference to serious medical needs." Id. (quotation omitted). Because Sandifer filed his appeal pro se, we liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Sandifer argues that the district court erred in granting defendants' motions to dismiss solely on the basis that Sandifer had not responded to the motions. We recently held that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). "The district court must make the additional determination that judgment for the moving party is appropriate under Rule 56." Id. In the instant case, the district court treated defendants' motions to dismiss as motions for summary judgment, thus our holding in Reed is implicated.

As is the case here, the district court in Reed granted the defendant's summary judgment motion as uncontested pursuant to Rule 7.4 of the District of Kansas Local Rules. Id. at 1192. We reversed and remanded, holding that summary judgment was not available merely because the opposing party did not file a response. Id. at 1194-95. We concluded that the district court may not grant

summary judgment "without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." Id. at 1195. If the moving party has not made a sufficient showing, no defense is required. Id. By failing to respond, however, the nonmoving party waives his "right to respond or to controvert the facts asserted in the summary judgment motion," id., but such waiver does "not relieve the court of its duty to make the specific determinations required by Fed. R. Civ. P. 56(c)," id. at 1196.

In the case at bar, the district court dismissed the case pursuant to a local rule and did not make the "specific determinations required by Fed. R. Civ. P. 56(c)." Id. Accordingly, we reverse the grant of summary judgment and remand the case for the district court to make the necessary determinations. In making such determinations, the court should consider the entire record, including all pleadings filed below.

### III

Sandifer also argues that the district court erred in denying his requests for appointment of counsel. We review for an abuse of discretion the district court's denial of appointment of counsel. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In denying Sandifer's requests for counsel, the district court evaluated and applied the factors set forth in Rucks, and we conclude that the court did not

abuse its discretion.  If on remand, Sandifer's claims survive summary judgment, however, the court may want to revisit Sandifer's request because "where the medical questions are complex in a deliberate indifference claim, the legal aspects become more complicated as well."  McCarthy v. Weinberg, 753 F.2d 836, 839 (10th Cir. 1985) (quotation omitted)(concluding that district court's denial of counsel was an abuse of discretion when plaintiff, debilitated by multiple sclerosis, was forced to conduct his trial pro se).

Sandifer also asserts that the district court erred in denying his motion for a temporary stay and his request to file a second amended complaint.  Because he withdrew his request for appointment of a guardian ad litem, we do not address the denial of that motion.  We review the district court's decisions to deny a stay and to deny leave to amend for an abuse of discretion.  Ben Ezra, Weinstein, & Co. v. America Online, Inc., 206 F.3d 980, 987 (10th Cir. 2000).

The district court granted Sandifer's first request to amend his complaint. His motion to amend a second time stated that the amendment would "clarify and narrow adequately the claim and all facts surrounding the claim."  (R. Doc. 64 at 3.)  Because Sandifer did not allege that his second amended complaint would be materially different from his first, the district court did not abuse its discretion in denying the motion.  Cf. Bauchman ex rel. Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997) (finding no abuse of discretion in denial of leave to

amend where amendment would be futile because there was "no material difference between the two complaints"). To the extent Sandifer claims on appeal that he intended to name additional defendants, we do not address issues presented for the first time on appeal. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

Sandifer requested a temporary stay to permit the district court to rule on his motion for appointment of a guardian ad litem and his request to file a second amended complaint. Given his subsequent withdrawal of the motion for a guardian ad litem and our determination that the district court did not abuse its discretion in refusing a second amended complaint, we also conclude that the court did not abuse its discretion when it denied the motion to stay.

**IV**

The judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this order and judgment.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-7-