**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN SANDIFER,

      Plaintiff-Appellant,

v.

LEROY GREEN, JR.; J. B. HOPKINS,
Jail Administrator; (FNU) GAMBLE,
Jail Physician, Wyandotte County
Detention Center; PRISON HEALTH
SERVICES,

      Defendants-Appellees.

No.  04-3152
(D.C. No. 00-CV-3286-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before  **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Plaintiff John Sandifer, a Kansas state inmate proceeding pro se, claims that personnel at the Wyandotte County Detention Center in Kansas City, Kansas, were deliberately indifferent to his serious medical needs during the time he was a pretrial detainee at that facility. He filed suit under 42 U.S.C. § 1983. The district court granted summary judgment in defendants' favor and denied Mr. Sandifer's motion to amend his complaint. [1] Mr. Sandifer appeals.

We first hold that Mr. Sandifer has not alleged the requisite actionable conduct for § 1983 liability on the part of defendants Green, Hopkins, and Prison Health Services. "[U]nder § 1983, a defendant may not be held liable under a theory of respondeat superior. Instead, a plaintiff must show that an affirmative link exists between the constitutional deprivation and either the defendant's personal participation, his exercise of control or direction, or his failure to supervise." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (quotations and citation omitted). Mr. Sandifer has alleged none of these circumstances. Accordingly, summary judgment in favor of these defendants was appropriate, and we consider Mr. Sandifer's allegations only as to defendant

---

[1]    In a prior appeal, this court reversed an order granting summary judgment to defendants solely on the ground that Mr. Sandifer did not file a response to the motion. *Sandifer v. Green*, 57 Fed. Appx. 857 (10th Cir. Feb. 12, 2003) (unpublished). The current appeal arises after remand.

Gamble, the jail doctor.

*Background*

We view the facts in the light most favorable to Mr. Sandifer, as the party opposing summary judgment. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Mr. Sandifer contracted the AIDS virus and began treatment in 1991, several years prior to the events discussed here. He was arrested on May 1, 1999, and detained at the Wyandotte County Detention Center until January 14, 2000, when he was transferred to the state penitentiary. He asserts that during the time he was at the detention center, Dr. Gamble delayed in obtaining his required medication, failed to administer it according to the precise schedule required, and disregarded his complaints of pain and other serious symptoms of his condition.

Mr. Sandifer did not receive his medication for the first five or six days after he entered the jail, despite his explanation to jail personnel that he needed the medication every day. During the next three months, he became increasingly ill because his medication was interrupted. In early June, Dr. Gamble ordered and reviewed blood tests, but did not correctly interpret the results, so did not realize that Mr. Sandifer's condition had worsened. From late June to late August, Mr. Sandifer complained of headaches, and was treated with Tylenol and ibuprofen. Although Dr. Gamble ordered more blood tests on August 23, the tests were not performed until August 31. Upon receiving the results, Dr. Gamble

immediately transferred Mr. Sandifer to a hospital where he was treated for anemia caused by his AIDS medication. On September 3, Mr. Sandifer was released from the hospital and returned to the jail. He was examined by a specialist on September 15, who prescribed a triple combination therapy with instructions for administering the medication on a rigorous schedule. Jail personnel failed to follow the prescribed schedule and regularly failed to administer his medication, stating they forgot to reorder it or they were too busy to give it. Mr. Sandifer received no medication from September 3 through September 17, which may have caused or contributed to more health problems, including mouth sores, in late October and early November, for which Dr. Gamble did not treat him adequately. In early December, Mr. Sandifer's medications were changed again, and in mid-January he was transferred from the jail to the penitentiary.

Mr. Sandifer sued, alleging that jail personnel were deliberately indifferent to his serious medical needs. Defendants responded and filed a *Martinez* [2] report. The district court granted summary judgment in favor of defendants.

---

[2] *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978).

*Deliberate Indifference to Serious Medical Needs*

We review *de novo* the district court's grant of summary judgment. *Sealock*, 218 F.3d at 1209. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Mr. Sandifer is representing himself on appeal, so his pleadings will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Because Mr. Sandifer was a pretrial detainee at the time his claims arose, we evaluate his claims under the Fourteenth Amendment's Due Process Clause, which affords "the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment." *Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994). Accordingly, "we apply an analysis identical to that applied in Eighth Amendment cases." *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983[,] whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (footnote omitted). "Deliberate indifference" involves an objective

and a subjective element. *Sealock*, 218 F.3d at 1209. The objective element is fulfilled if the medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotation omitted). "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock*, 218 F.3d at 1209 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Here, Mr. Sandifer has not satisfied the subjective component because he has not demonstrated that Dr. Gamble disregarded an excessive risk to his health.

Mr. Sandifer's brief and the medical records reflect that he received medical treatment on a regular basis throughout the time he was at the jail. He received pain medication in response to his complaints of headaches, and when the first medication did not relieve his pain, he was given additional pain medication. He received blood tests and, when the results showed a need for acute care, he was transferred immediately to the hospital. He was referred to a medical specialist, who changed his AIDS drug regimen. He was administered his AIDS medications, as well as other medications for various complaints of pain and discomfort.

Mr. Sandifer's allegations do not support a claim that Dr. Gamble was

-6-

deliberately indifferent, and therefore they do not state a constitutional violation. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. Moreover, a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citation omitted).

Mr. Sandifer contends that he suffered pain and his condition deteriorated due to the delays in giving him AIDS medication between his arrest on May 1 and May 6; and again after his hospitalization, between September 3 and September 17. He concedes that he received medication for his headache pain. His allegation that his condition deteriorated does not demonstrate a constitutional violation because he has not shown that the delays caused him substantial harm. Delay in providing medical care constitutes deliberate indifference only "where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210. As Mr. Sandifer admits, as soon as the blood test results showed that he needed a blood transfusion, Dr. Gamble transferred him to the hospital, where he received the transfusion and other medical treatment. After his release from the hospital, he was referred to a medical specialist, although not as quickly as he would have liked. Nevertheless, he has not shown substantial harm due to the alleged delays in acquiring and dispensing his AIDS medication, and therefore

he has not shown deliberate indifference.

While Mr. Sandifer alleges he suffered pain due to his serious medical condition, "deliberate indifference to serious medical needs [applies only to] the unnecessary and wanton infliction of pain," *Estelle*, 429 U.S. at 104 (quotation omitted), a showing he has not made. The district court's grant of summary judgment on this claim was correct.

*Leave to Amend Complaint*

Mr. Sandifer asserts that the district court erred in denying him leave to amend his complaint a second time. We review the district court's order denying leave to amend a complaint for an abuse of discretion. *Wessel v. Albuquerque*, 299 F.3d 1186, 1196-97 (10th Cir. 2002).

The reason Mr. Sandifer wants to amend his complaint is apparently to name additional defendants. He has not identified the proposed defendants or suggested why claims against them could withstand summary judgment, however. We determine that amending the complaint to name additional jail employees involved in the delivery of medical care to Mr. Sandifer would be futile in light of our review of the record and Mr. Sandifer's allegations. Accordingly, we find no abuse of discretion in the district court's order denying leave to amend the complaint a second time. *See Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (dismissal of pro se complaint proper where it is obvious plaintiff cannot

prevail on the facts alleged and it would be futile to give him opportunity to amend).

<em>Supplemental Record on Appeal</em>

Mr. Sandifer has submitted with his appellate brief a volume of documents that include medical records from the jail. Defendants have moved to strike the documents Mr. Sandifer has submitted with his brief. The motion to strike is denied as to the jail medical records; it is granted as to the remaining documents.

The judgment of the district court is AFFIRMED. Defendants' motion to strike is granted in part and denied in part. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge