**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELIZABETH STEINER,

      Plaintiff-Appellant,

v.

CONCENTRA INC., also known as
Concentra, also known as Concentra
Medical Centers,

      Defendant-Appellee.

No. 05-1496
(D.C. No. 03-CV-2293-EWN-OES)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Elizabeth Steiner, proceeding pro se, appeals from the district court's

dismissal of her case against her former employer, Concentra Inc., and various

other individuals and business entities. She argues that in entering a dismissal

with prejudice as a sanction for her repeated defiance of court orders, the district

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

court committed various errors of law and also demonstrated a general bias against pro se litigants. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

From July 2000 to November 2002, Dr. Steiner, a Colorado physician, was employed by Concentra Inc., a medical-care provider that contracts with corporate customers to deliver medical services to the customers' employees. During her tenure with Concentra, Dr. Steiner perceived ethical problems in the Concentra-customer relationships; deficiencies in the treatment of patients; illegalities in the release of patients' medical records to customers; racial, ethnic, age, and gender discrimination against Concentra employees; and the existence of mold in a Denver clinic. She expressed her concerns to Concentra managers, colleagues, patients, patients' family members, and customers.

Dr. Steiner was demoted from her position as medical director of a Concentra clinic and then discharged. She filed with the EEOC claims of retaliatory and discriminatory discharge. According to Dr. Steiner, she had been subjected to violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-16c; and the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2612-19.

On November 17, 2003, Dr. Steiner brought this suit in federal court, filing a 29-page complaint naming 17 defendants: Concentra, individual Concentra

administrators, two customer corporations, and individual customer managers. The complaint alleged claims of wrongful discharge in violation of public policy, relying on provisions of the Colorado Workers' Compensation Act, Colo. Rev. Stat. § 8-40-101 to § 8-47-209 and the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. §§ 1320d-5 to d-6; discharge in violation of the ADEA; intentional infliction of emotional distress; civil conspiracy; and breach of contract. She also expressed her intent to file an amended complaint adding Title VII and FMLA claims. It was Dr. Steiner's belief that "these claims could not be written into the complaint at the time of the filing of the original complaint because the EEOC process has a different timetable for their deadlines." R., Doc. 64 at 1. Defendants filed motions to dismiss on various grounds.

The matter was referred to a magistrate judge under 28 U.S.C. § 636(b). At an initial scheduling conference the magistrate judge reflected on the difficulty of proceeding pro se in an employment case and commented that his preliminary review of the complaint suggested that several defendants should be dismissed. Dr. Steiner took offense at the magistrate judge's remarks and filed a motion for recusal of the magistrate judge.

In May 2004 the EEOC issued a right-to-sue letter on Dr. Steiner's Title VII charge. Dr. Steiner moved to amend her complaint to add Title VII and FMLA claims and also to "correct any perceived deficiencies in the pleadings,"

but she did not tender a proposed complaint. R., Doc. 64 at 4. On August 6 the magistrate judge recommended dismissing all parties except Concentra and granting Dr. Steiner permission to file an amended complaint solely against Concentra realleging her age-discrimination claim. If Dr. Steiner wished to amend the complaint further to present any new claim encompassed by a right-to-sue-letter, she was to file an appropriate motion to amend, accompanied by a tendered complaint. In a separate order the magistrate judge denied the recusal motion.

Concerned about meeting the 90-day filing deadline triggered by the right-to-sue letter, Dr. Steiner tendered a lengthy amended complaint before she received copies of the magistrate judge's rulings. Also, when she received the August 6 recommendation, she filed her objections. These filings began Dr. Steiner's pattern of attaching a multiplicity of exhibits to her submissions, such as excerpts from the records of other cases against Concentra, e-mails from workers' compensation officials, affidavits from former Concentra employees, and printouts from presentations on HIPAA privacy provisions.

The magistrate judge struck the amended complaint as improper because his recommendation was still pending before the district court. Dr. Steiner objected to this result. On September 17, 2004, the district court adopted the magistrate judge's recommendation to dismiss all defendants other than

Concentra.[1]  The court also granted her 11 days to file an amended complaint in compliance with the magistrate judge's proposed restrictions.

Dr. Steiner did not accede to the district court's order.  Instead, she petitioned this court for relief in the nature of mandamus.  After this court denied her petition, she attempted to file an appeal.  Because her case had not been fully adjudicated, this court directed her to the district court for certification of an appeal for immediate disposition, in accordance with Fed. R. Civ. P. 54(b).

The district court denied Dr. Steiner's request for Rule 54(b) certification and her alternative motion for reconsideration of its earlier order.  Noting that Dr. Steiner "ha[d] done nothing which was ordered" and that she was tying the "case in more and more procedural knots," R., Doc. 97 at 1-2, the district court again ordered Dr. Steiner to file an amended complaint in conformity with its previous decision.  It warned her that "[if] she fail[ed] to do so" within an additional 11 days, it would "dismiss what remains of [her] case, with prejudice." *Id.* at 2.

Dr. Steiner filed her second amended complaint within the district court's time frame but outside the bounds of its instructions.  The complaint named the original array of defendants (minus one individual customer manager, plus

---

[1]     In adopting the magistrate judge's recommendation, the district court dismissed one of these defendants under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  The others were dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

another Concentra-affiliated entity). She expanded the introductory section, rearranged all her previous claims, added Title VII and FMLA claims, and incorporated 55 pages of attached exhibits. Concentra filed a motion to strike or dismiss the complaint.

At the hearing on the motion, the magistrate judge struck the second amended complaint for failure to comply with previous court orders. He gave Dr. Steiner one more opportunity to file a short and plain complaint. He specifically instructed her to name only Concentra as a defendant and to make only two claims, age discrimination and wrongful termination in violation of public policy (which is how she couched her ADEA, Title VII, and FMLA retaliation claims). The magistrate judge also told her not to file any exhibits except the EEOC's notice of right to sue. During the course of the hearing, the magistrate judge again advised Dr. Steiner to retain an attorney.

Two weeks later Dr. Steiner filed a "Motion Directed to the Judge Only to Reconsider the Magistrate's Order Striking the Plaintiff's Second Amended Complaint with New Material Presented." R., Doc. 112. Along with numerous other exhibits, she attached a proposed third amended complaint. That document stated that she "**hereby incorporates, references and retains, into this . . . absolutely every word, numbered and unnumbered paragraph, claim, prayer for relief, and Exhibit in her Second Amended Complaint**." *Id.* (unnumbered and untabbed exhibit).

The district court promptly ruled on Dr. Steiner's filing. Stating that "[t]his is a case where enough is enough," that "[p]laintiff did nothing which was ordered," and that the second amended complaint was "flagrant" in its "non-compliance with previous orders of the court," the court dismissed the case with prejudice. *Id.*, Doc. 115 at 1-2. As the district court put it,

> [Dr. Steiner] has vexatiously and frivolously multiplied the proceedings. Her actions have prejudiced the defendant by causing delay and significant attorney fees. She has interfered with and delayed the judicial process and caused needless expenditure of judicial resources. Her actions have been willful, intentional, persistent, and contemptuous. She has been warned. The ultimate sanction of dismissal with prejudice is merited.

*Id.* at 2-3.

## Discussion

Dr. Steiner now appeals the dismissal of her case against Concentra.[2] Although she raises arguments on the merits of her HIPAA and FMLA claims, the dispositive issue is whether the district court properly imposed dismissal as a sanction for her disregard of court orders.

_____

[2] In the statement of issues in her principal appellate brief, Dr. Steiner concentrates on Concentra's liability and makes no mention of the defendants dismissed in the district court's order of September 17, 2004. Her reply brief refers to four of these defendants in connection with "HIPAA and [her] claim for wrongful d[is]charge in violation against this public policy." Reply Br. at 10. We will not address issues raised for the first time in a reply brief. *See Stump v. Gates,* 211 F.3d 527, 533 (10th Cir. 2000) (stating reasons why "[t]his court does not ordinarily review issues raised for the first time in a reply brief").

A district court may dismiss a case for failure "to comply with [the Federal Rules of Civil Procedure] or any order of court," and the dismissal "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

> But dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice. In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when these aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction.

*Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) (internal citations, quotation marks, and alterations omitted). If "a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.*

The above "analysis is highly fact specific," so the district court "is in a far better position than this Court" to conduct it. *Id.* at 1196. This court reviews dismissals under Rule 41(b) for abuse of discretion. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

In evaluating Dr. Steiner's claims against Concentra, the district court discussed and applied the three listed factors. It concluded that, even after she was warned, Dr. Steiner took willful and contemptuous actions that prejudiced Concentra by causing delay and needless expense, and she also interfered with the

-8-

judicial process. Our review of the record confirms the district court's conclusions. Dr. Steiner repeatedly refused to comply with clear court orders to eliminate a multiplicity of claims, extra parties, excess verbiage, and irrelevant exhibits. She also delayed and disrupted the judicial process by twice inappropriately seeking interlocutory relief from this court. Dr. Steiner's pro se status does not excuse this type of conduct. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (pro se litigants must comply "with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").

We also note that nothing in the record suggests any basis for questioning the magistrate judge's impartiality. In recommending consultation with an attorney experienced in employment law, the magistrate judge was simply providing prudent advice.

The district court did not abuse its discretion in dismissing Dr. Steiner's case. AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge