FILED
United States Court of Appeals
Tenth Circuit

April 14, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CLAYTON ANDREW SCHWERS,

    Plaintiff - Appellant,

v.

CITY OF ALBUQUERQUE; MAYOR
RICHARD BERRY; RAYMOND
SCHULTZ, Chief of Police, APD (former);
CHRISTOPHER KERLIN, APD Officer;
JOHN MINGS, APD Officer,

    Defendants - Appellees.

No. 16-2262
(D.C. No. 1:15-CV-00237-RB-WPL)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Clayton Andrew Schwers[1] appeals the district court's dismissal of his lawsuit

as a sanction for untruthfulness during discovery. Mr. Schwers sued Albuquerque

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Schwers is proceeding pro se, we construe his filings liberally.
*See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). "[T]his rule of liberal

city police officers Christopher Kerlin and John Mings[2] for using excessive force during Mr. Schwers's arrest. After the arrest, Mr. Schwers admitted to his emergency room physician that he struggled with the police and resisted restraint, and that this led to the police officers using a Taser on Mr. Schwers at least four times. He also admitted to biting one of the officers. The physician reported that Mr. Schwers was "acutely intoxicated upon arrival with a blood alcohol level of [.]151." Mr. Schwers pled guilty to crimes incident to the arrest.[3]

During discovery, however, Mr. Schwers denied having alcohol that day, denied biting the officer, and denied resisting arrest. His responses to interrogatories were either "untruthful or nonsensical," even after the magistrate judge ordered Mr. Schwers "to provide complete answers and warned him that failure to comply with the order could lead to sanctions, including dismissal of the case."

Accordingly, Officers Kerlin and Mings moved for dismissal as a sanction for Mr. Schwers's violation of the rules of discovery. In his response, Mr. Schwers "did not address the discrepancies between his sworn testimony and his statements to his

construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2] In addition, Mr. Schwers listed as defendants the City of Albuquerque, Mayor Richard Berry, and Chief of Policy Raymond Schultz. The district court dismissed these defendants after concluding Mr. Schwers failed to state a claim against them. Mr. Schwers did not appeal this order.

[3] These crimes included (1) aggravated battery upon a peace officer; (2) criminal damage to property (over $1,000); (3) resisting, evading, or obstructing an officer; and (4) concealing identity.

medical doctor and his guilty plea related to the arrest." The district court meticulously analyzed each of the relevant factors we identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), to conclude dismissal would be an appropriate sanction:

> Mr. Schwers lied about his encounter with [Mr. Kerlin and Mr. Mings], and despite his guilty plea denied that he engaged in the activities leading to his arrest. He admitted to his treating physician that he bit an Officer, but subsequently denied this in the interrogatories and deposition. He also denied having consumed alcohol, but his medical records show otherwise. Given Mr. Schwers's repeated contradictions and lies and his failure to comply with the discovery process, the *Ehrenhaus* factors weigh in favor of dismissal. Mr. Schwers has flaunted the rules of civil procedure by failing to take the discovery process seriously.

Mr. Schwers appeals the district court's order of dismissal. But Mr. Schwers has failed to present any argument as to how the district court abused its discretion in sanctioning him. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party . . . for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party."). Instead, Mr. Schwers's appellate briefs rehash the allegations in his amended complaint, without even mentioning that the district court dismissed his case as a sanction for failing to comply with discovery requests. "It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (internal quotation marks omitted).

3

We conclude Mr. Schwers has failed to present any reasoned, nonfrivolous arguments on appeal to explain how the district court abused its discretion in sanctioning him. Moreover, we agree with the district court's thorough analysis of the *Ehrenhaus* factors and its conclusion that this case should be dismissed with prejudice. Accordingly, we affirm the district court's decision for substantially the same reasons set forth in its order dated October 26, 2016. We also deny Mr. Schwers's motion to proceed in forma pauperis.[4]

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[4] Mr. Schwers filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied the motion because it found Mr. Schwers's appeal was not taken in good faith when his "response to the 'issues on appeal' question . . . [did] not reveal any argument of error regarding the Court's dismissal of his claims." Mr. Schwers renewed his IFP motion in this court, but we agree with the district court's analysis.