HARTZ, Circuit Judge, concurring in part and dissenting in part Contrary to some recent highly publicized criticism, my perception is that the federal courts, certainly in this circuit, are diligent and scrupulous in treating pro se litigants fairly and protecting them against heavy-handed treatment by opposing counsel. Occasionally, however, we fail in this task. This is an example. I recognize that if Mr. Hill were permitted to pursue his claims, the likelihood of his ultimate success would be small. But we should not affirm a summary judgment against a pro se litigant on a technical legal ground when (1) it is clear from the record that defense counsel did not adequately support an essential factual claim and (2) it is obvious on the face of the district court’s opinion that the court misconceived an important area of the law. In his opening brief in this court Mr. Hill did not address res judicata, but he did complain that the district court rejected his request for appointed counsel, arguing that “a lay person ... really has a[n] uphill battle against the attorneys.” Aplt. Br. at 4. His reply brief repeated the refrain, saying “these highly educated attorneys only can say one thing, res judica-ta. They haven’t spoke about ... not having done what the appellant has claimed.” Aplt. Reply Br. at 2. I do not criticize the district court for denying the request for counsel. But if the case is going to turn on a technical doctrine like res judicata, we should at least take care that the decision against the pro see litigant is adequately supported. The district court made one factual error and one legal error in ruling that some of the defendants were protected by res judicata. First, contrary to its ruling, the record does not show any judgment on the merits in favor of two of the defendants named in the state-court litigation. Second, it mistakenly ruled that at least one defendant in this suit was sued only in his official capacity, not his individual capacity; it improperly stated that a claim under 42 U.S.C. § 1983 alleging the defendant acted under color of state law is necessarily a claim against the defendant in an official capacity. Although Mr. Hill waived his right to have us review these errors, “[wjaiver ... binds only the party, not the court.” Planned Parenthood of Kan. & Mid-Mo. v. Moser, 747 F.3d 814, 837 (10th Cir. 2014). “[I]t is well-settled that courts have discretion to raise and decide issues sua sponte, even for the purpose of reversing a lower-court judgment.” Id. Because of clear and dispositive errors in this pro se case, we should address the propriety of barring Mr. Hill’s claims under res judica-ta doctrine. This court reviews de novo the district court’s determination that res judicata bars a claim. See Satsky v. Paramount Commc’ns, Inc., 7 F.3d 1464, 1467-68 (10th Cir. 1993). “Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits.” King v. Union Oil Co. of Cal., 117 F.3d 443, 445 (10th Cir. 1997). “The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, 28 U.S.C. § 1738, which directs a federal court to refer to the preclusion law of the State in which judgment was rendered.” Brady v. UBS Fin. Servs., Inc., 538 F.3d 1319, 1327 (10th Cir. 2008) (internal quotation marks omitted). Accordingly, this case is controlled by Kansas law on res judicata. Under Kansas law, application of res judicata requires establishing four elements: “(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.” Winston v. State Dep’t of Soc. & Rehab. Servs., 274 Kan. 396, 49 P.3d 1274, 1285 (2002). The district court determined that all of the necessary elements for res judi-cata were present in this case. I first address the first and third elements and then turn to the second and fourth. For purposes of res judicata, two actions are considered a single claim if they arise from “the same factual transactions or series of connected transactions ..., regardless of the number of substantive legal theories that were available to the plaintiff based on those facts.” O’Keefe v. Merrill Lynch & Co., 32 Kan.App.2d 474, 84 P.3d 613, 618 (2004). In other words, the question is whether both “arose out of a common nucleus of operative fact.” Id. (internal quotation marks omitted). There is no question that Mr. Hill’s federal suit arises out of the same “common nucleus of operative fact” as his earlier state-court action. That action was filed in state court in Butler County, Kansas against Correct Care Solutions, Corizon, Harrod, Morris, Heimgartner, and Nickel-son, He asserted claims for medical malpractice and gross negligence arising from his medical care at' EDCF — in particular, his treatment with Coumadin — from July 2013 into March 2014. Mr. Hill filed an amended complaint adding the KDOC as a defendant, but stating that it involved “the same basic events” as his original complaint. As the district court explained, “Although Plaintiffs claims are labeled differently, his theories are based on the same grouping of operative facts.” R., Vol. II at 737. The court concluded: “The two suits share a common nucleus of operative facts and substantially overlap in. time, witnesses, and proof. Thus, elements one and three [of res judicata] have been met because Plaintiff did bring the same claims (although entitled differently) in each suit.” Id. at 737-38 (footnote omitted). In a footnote the court added: To the extent that Plaintiff did not actually assert a claim in the first lawsuit that he does assert here, element three of res judicata requires claims that were or could have been raised. Here, because Plaintiffs claims arise out of the same nucleus of facts, to the extent that he tries to bring any additional claims, he could have raised those claims in his first lawsuit. Id. at 738 n.19 (internal quotation marks and citations omitted). I see no error in the district court’s determination that res judi-cata’s first element (samé claim) and third element (claim that could have been raised in the first lawsuit) were met in this case. I cannot say the same regarding the other two elements, which concern whether the parties in the federal suit were the same as, or in privity with, parties who obtained a favorable judgment on the merits in the state-court action. The district court based its ruling on the determination that judgments on the merits were entered by the state court in favor of Corizon, Nickelson, Morris, Harrod, and KDOC. But nothing in the record reflects judgments in favor of Corizon or Nickelson. In the Corizon Defendants’ motion in district court, they asserted that “[t]he Butler County Court has entered its order dismissing the plaintiffs claims based upon a failure to state a claim” and cited to two exhibits. Id. at 14. The first exhibit is an order dismissing Mr. Hill’s claims against Morris. The second exhibit is an order dismissing Mr. Hill’s claims against Har-rod and Heimgartner. The' appellees’ brief on appeal repeats the unsupported assertion. Without any citation to the record, it states that “the first lawsuit filed in Butler County District Court was adjudicated on its merits. Specifically, Judge Charles Hart dismissed Plaintiffs lawsuit because it was factually deficient as pled and because it failed to state a claim against Defendants.” Aplee. Br. at 10-11. Despite this assertion, there is no escaping the conclusion that the district court erred in determining that there were final judgments on the merits in favor of Corizon or Nickelson. If those two defendants are to be granted summary judgment on the ground of res judicata, there must be supporting evidence. That leaves two defendants, Einerson and Watson. Neither was a defendant in the state-court action, but the district court ruled that they were entitled to invoke res judicata because they were in privity with parties that were defendants in that action: Einerson in privity with Corizon, and Watson in privity -with KDOC. The res judicata judgment in favor of Einerson should be set aside because it is improperly predicated on the assumption that there was a judgment on the merits in favor of Corizon As for Watson, perhaps he is in privity with KDOC for res judicata purposes, but not on the ground relied upon by the district court. The district court gave the following rationale for its privity determination: [Mr. Hill] states that Watson was acting under color of state law. Thus he is suing him in his official capacity and ... this suit is in all respects a suit against the entity, KDOC. Because KDOC was a defendant in the previous lawsuit, ... there is an identity of the parties with respect to Watson. Id. at 739. This rationale is based on a misconception about official capacity. Every defendant sued under § 1983, whether sued in an official or individual capacity, must have allegedly acted under color of state law.[1] See Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (explaining that “[p]ersonal-capacity suits- ... seek to impose individual liability upon a government officer for actions taken under color of state law”); Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (“[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.”). Further, Mr. Hill’s intention to sue Watson in his individual capacity is reflected in the caption. It is noteworthy that the district court’s docket sheet states that he is being sued “in his individual and official capacity” R., Vol. I at 4; and the State Defendants at least thought that Watson was arguably being sued in his individual capacity and sought qualified immunity (which is available only to an individual) in district court. One must conclude that the district court erred in dismissing Mr. Hill’s claims against Watson in his individual capacity. For the above reasons, I would affirm the res judicata dismissals of KDOC, Har-rod, Morris, and Watson (in his official capacity). But I would reverse the dismissals with respect to Corizon, Nickelson, Einerson, and Watson (in his individual capacity). A few words in response to the concurrence. I agree with all the general statements made by Judge Bacharach. We should be very circumspect about sua sponte raising an issue requiring reversal. There are several good reasons for this. We lack the time and resources to comb records in search of error. And when we think we have found error, we may be wrong because of things we have missed or things not in the record (because never controverted). Also, raising new issues on appeal can often be unfair to the losing party, both because it did not have the opportunity to argue the issue and because it did not have the opportunity to put on evidence that may have negated or mooted the concern.[2] Judge Bacharach notes that raising a new issue sua sponte can sometimes even harm the party it is intended to help. But I am not prepared to say that strict neutrality should be a hard-and-fast rule. Sometimes the risk of unfairness from raising the issue is minimal. That appears to be the situation in this case. And sometimes catching an error takes very little time. In this case, just reading the district court’s relatively short opinion (a standard task in almost any appeal) revealed a glaring error regarding official-capacity claims. Then, the standard preparation of an opinion suggesting reversal on that ground revealed the absence in the record of any judgment on the merits against several of the defendants in the state-court action. What is particularly noteworthy about the errors in this case is that they were not the result of the district court’s failure to act as the pro se plaintiffs advocate. I agree that the court cannot be faulted for not searching the record for facts and argument to support a party’s position. But the court did have a duty to be sure that the motion for summary judgment was sound. As we said in Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002): [A] party’s failure to file a response to a summary judgment motion is' not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is “appropriate” under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. -Fulfilling this duty is not “assumfing] the role of advocate for the pro se litigant.” Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet the district court missed a significant gap in the evidence and applied a clearly incorrect proposition of law. If our review of summary judgments is indeed, as we always say, de novo, perhaps we have a minimal duty of correcting egregious errors that hit us in the nose. Further, in this appeal there are two important reasons to reverse beyond simply correcting an error in a particular case. First, the district court made a legal error (regarding suits against someone in an official capacity) that should not be repeated in future litigation. We cannot convey that message in a summary affirmance. Second, the district court failed in its duty to be sure that the record supported the factual basis for summary judgment. See Reed, 312 F.3d at 1195. We should insist on greater care in conducting this component of the district court’s business. In saying this, I do not want to suggest any superiority over colleagues in the district courts. No one who has to resolve the volume of pro se cases confronting the district courts can be expected to always maintain a high level of attention to detail when reviewing pleadings that are sometimes illegible, often incomprehensible, and almost always devoid of cogent legal argument. To say how difficult performance of the duty is, however, is not to say that the duty does not exist. An occasional reminder from this court may be helpful in maintaining the high level of care provided to pro se litigants by the federal courts. . The statute provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.... 42 U.S.C. § 1983 (emphasis added). . Often it is appropriate to request supplemental briefing before resolving the new issue.